### 28686. KIRTON v. BIGGERS et al.

ARGUED MARCH 11, 1974 — DECIDED MAY 7, 1974.

*Wright, Walther & Morgan, Robert G. Walther,* for appellant.

*Hamilton, Anderson & Minge, George Anderson,* for appellees.

*Arthur K. Bolton, Attorney General, H. Perry Michael, Assistant Attorney General, Gerald W. Bowling, Deputy Assistant Attorney General,* amicus curiae.

GRICE, Chief Justice.

The outcome of this appeal depends upon whether the phrase "for cause shown" as used in the statute providing for dismissal of tax assessors (Ga. L. 1972, p. 1114; Code Ann. § 92-6904) contemplates notice and

hearing so as to satisfy the constitutional requirements of due process.

The issue arose when the appellant Sam W. Kirton filed a complaint in the Superior Court of Floyd County against Donald C. Biggers and other named members of the Board of Commissioners of that county, alleging in substance as follows: that on November 6, 1973, the defendants, acting in their capacity as members of the Board of Commissioners of Floyd County, adopted a resolution attempting to remove him as tax assessor of that county; that in adopting the resolution attempting to discharge him the defendants acted under the authority of Section 1 of the Act of 1972 (Ga. L. 1972, p. 1114; Code Ann. § 92-6904); and that this statutory provision is null and void, being contrary to the due process clause of the Georgia Constitution (Art. I, Sec. I, Par. III, Code Ann. § 2-103), in that it makes no provision for notice to a member of the board of tax assessors for a hearing on charges against him or gives him an opportunity to make a defense.

The essential prayers of the complaint were that the defendants be temporarily and permanently enjoined from attempting to remove him as a member of the Floyd County Board of Tax Assessors and that Section 1 of the Act of 1972 be declared unconstitutional and void.

The trial court temporarily restrained the defendants from interfering in any way with the appellant in the performance of his duties as tax assessor, and ordered them to show cause why the prayers of the complaint should not be granted.

Thereupon, the defendants filed a motion to vacate the temporary restraining order and a motion to dismiss the complaint.

A hearing was held on these motions. On December 4, 1973, the trial court entered an order in which it found that the defendants had adopted a resolution attempting to remove the appellant from office as alleged and it denied the motion to dismiss.

It also denied an interlocutory injunction and vacated the temporary restraining order because it found that the defendants had not physically interfered with the appellant's possession of his office and their counsel

stated in open court that they would not do so as long as the court had the matter under consideration.

Also, it concluded that a justiciable controversy existed between the parties with respect to the constitutionality of the statute; it ordered the defendants to file defensive pleadings; and it ruled that since there were no matters requiring a jury trial, a hearing on the constitutionality of the statute would be held on December 17, 1973.

On the evening that the above order was entered, the defendants met and adopted another resolution requiring the appellant to be notified of a hearing to be held by them on December 14, 1973, to determine whether he should be removed from the Board of Tax Assessors.

The appellant then moved to restrain the defendants from proceeding with this hearing on the ground that it would interfere with the court hearing set for December 17, and after a hearing on this motion, the court restrained and enjoined the defendants until further order from holding any hearing to determine whether the appellant should be removed from the board of tax assessors.

The appeal is from the order issued on December 18, pursuant to the hearing of December 17, in which the trial court in material part (1) held that the statute in question was constitutional and (2) declared that the actions of the defendants in adopting the resolution of November 6, 1973, attempting to discharge the appellant were null and void, but did not permanently enjoin them from attempting such removal.

█ We agree that Section 1 of the Act of 1972 (Ga. L. 1972, p. 1114; Code Ann. § 92-6904) is constitutional and not in violation of the due process clause of the Georgia Constitution (Art. I, Sec. I, Par. III; Code Ann. § 2-103).

The statute in question recites in pertinent part as follows: "The members of the county board of tax assessors shall be appointed at the option of the appointing authority for a term of six years and until their successors are duly appointed and qualified or for a term of indefinite duration. In case of a vacancy on the board at any time, caused by death, resignation, removal

or otherwise, the vacancy shall be filled and the appointment shall be made in the same manner as herein provided for the appointment of the members of the board. The members of the board may be removed by the appointing authority *only for cause shown* for the failure to perform the duties or meet the qualifications imposed upon them by law." (Emphasis supplied.)

We are aware of those decisions holding that a removal statute is unconstitutional if it does not provide for notice and hearing. However, as we view the phrase "for cause shown" in the provision under review, it necessarily implies that notice and hearing are required for the following reasons.

To "show" means "To make apparent or clear by evidence; to prove." Black's Law Dictionary, p. 1549 (4th Ed.). In our court system "show cause" orders are commonly employed to direct an opposing party to appear on a day, place and time certain to answer specified charges of the other party. Reasonable notice and opportunity to be heard are afforded thereby.

Many other states in interpreting similar language have concluded that "when a statute provides for an appointment for a definite term of office, without provision otherwise, or provides for removal 'for cause,' without qualification, removal may be effected only after notice has been given to the officer of the charges made against him and he has been given an opportunity to be heard in his defense. [Cits.]" Nagle v. Sullivan, 98 Mont. 425, 439 (40 P2d 995, 99 ALR 321). See also, Freeman v. Gould Special School District, 405 F2d 1153, 1159 (Ark.); Napolitano v. Ward, 317 FSupp. 79, 81 (N. D. Ill.)

Furthermore, this court has established that "A statute complies with constitutional provisions as to due process where it provides for notice and hearing as a matter of right, either in express terms, or, as in this instance, by necessary implication. [Cits.]" *Robitzsch v. State of Ga.,* 189 Ga. 637 (1 a) (7 SE2d 387); *Dawson v. Hospital Authority of Augusta,* 212 Ga. 146 (91 SE2d 12); *Buice v. Dixon,* 223 Ga. 645, 647 (157 SE2d 481).

Finally, but no less important, "It is an established rule that all presumptions are in favor of the constitutionality of an Act of the legislature and that it

cannot lawfully be set aside by the court unless the alleged conflict with the Constitution is plain and palpable. *Mayes v. Daniel,* 186 Ga. 345 (198 SE 535); *Robitzsch v. State,* 189 Ga. 637 (2b) (7 SE2d 387)." *Buice v. Dixon,* 223 Ga. 645, 646, supra.

Measured by the foregoing standards, it is clear that the statute here meets the requirements of due process. The trial court correctly held that it was not un-constitutional for any of the reasons urged by the appellant.

■ The trial court also correctly concluded that the action of the defendants in adopting the resolution of November 6, 1973, attempting to discharge the appellant, was null and void and of no force and effect because of their failure to give him notice and hearing of the charges preferred against him prior to taking the action.

Such a failure deprived him of due process of law as guaranteed by Art. I, Sec. I, Par. III of the Georgia Constitution, and the attempted discharge was therefore void. *Holland Furnace Co. v. Willis,* 222 Ga. 156, 158 (149 SE2d 93) and cits.

However, the trial court properly did not per-manently enjoin the defendants from attempting to remove the appellant as a member of the Floyd County Board of Tax Assessors, since such an action would be legal so long as the requirements of due process are met by giving proper notice and holding a hearing on the charges against him to determine whether he should be removed.

We find no error upon any ground asserted.

*Judgment affirmed. All the Justices concur.*