## 54381. SHEPPARD v. DeKALB COUNTY MERIT COUNCIL et al.

BANKE, Judge.

The appellant was suspended, then dismissed from his employment with the DeKalb County Fire Department, the stated reason being his failure to abide by its regulation governing hair length. After a hearing, the DeKalb County Merit Council upheld both the suspension and the dismissal. The DeKalb County Superior Court reviewed the case on writ of certiorari and affirmed. In this appeal, the appellant contends that the hair length regulation was unconstitutionally vague, that the notice of dismissal did not specify the true nature of the charge against him, that he was improperly refused access to his personnel file, and that he was denied his right to a pre-termination hearing.

1. The contention that the hair length regulation was unconstitutionally vague is without merit. The regulation was quite specific. It stated: "Neckline hair will not reach the shirt collar when the collar is buttoned by the top button and when the head is held erect." It was also accompanied by a series of photographs indicating what hair length was considered acceptable. Such an ordinance has previously been held to comply with due process requirements. See Kelley v. Johnson, 425 U. S. 238 (96 SC 1440, 47 LE2d 708) (1976). Furthermore, the appellant was warned on numerous occasions that his hair was considered to be in noncompliance with the regulation and was given repeated opportunities to have it cut to bring it into compliance. Thus, he was not taken by surprise or left to guess at the manner in which the regulation would be enforced.

2. The pre-hearing dismissal notice delivered to the appellant was fatally deficient. Due process requires that public employees protected by merit system legislation be notified *specifically* and in detail of the reasons for their discharge prior to their hearing. *Brownlee v. Williams,*

233 Ga. 548, 556 (4) (212 SE2d 359) (1975). See *Scott v. Undercofler,* 108 Ga. App. 460, 463 (133 SE2d 444) (1963); *Schaefer v. Clark,* 112 Ga. App. 806 (146 SE2d 318) (1965). The pre-hearing notice sent to the appellant did not specify the same reason for his discharge as did the post-hearing letter sustaining the dismissal. The pre-hearing letter specified his failure to comply with the hair regulation. While it also mentioned that he had been charged with eight hours' absence and 16 hours of sick leave as the result of his history of tardiness and absence without leave, the letter did not specify this as a reason for his dismissal. Nevertheless, at the hearing, testimony concerning the absences and tardiness was introduced, and this was the only offense cited in the post-hearing letter sustaining the dismissal. Accordingly, the superior court should have reversed the decision of the merit council as to the dismissal and remanded the case for new proceedings following proper notice of the charges.

This decision is not to be construed either as requiring the appellant's reinstatement or as implying that the evidence presented at the hearing was insufficient to authorize his discharge from county service.

3. Prior to the hearing the appellant requested and was denied access to his personnel file. A review of the transcript of the hearing reveals that the chief of the department utilized this file while testifying as to the appellant's deficient work record. The chief did not deny that information favorable to the appellant might also be contained in the file.

The question of whether a discharged employee must be given access to his personnel file prior to his hearing has not heretofore been decided. In the absence of clear authority, the question is best confronted by examining the competing interests of the parties. Accord, *Brownlee v. Williams,* supra, p. 552. In view of the indication that information favorable to the appellant might be in the file and since the testimony as to the deficiencies in his work record covered a 4-year period, it is reasonable to assume that the file would have been of valuable assistance to him in preparing for the hearing. In opposing disclosure, the county asserts only its interest in maintaining the

confidentiality and privacy of its personnel files. While this interest is substantial, it has no reasonable application where it is the employee himself who seeks access to the file in order to rebut government charges against him which are based on material in the file. Therefore, weighing the relative interests of both parties, we hold that the merit council was required to give the appellant access to those portions of his file which concerned matters favorable to him or otherwise relevant to the case to be presented against him at the hearing. To hold otherwise would render meaningless the employee's right to be heard in opposition to the charges against him. See generally *Brownlee v. Williams,* supra.

4. The appellant's contention that he had a due process right to a hearing *prior* to his dismissal is without merit. See Arnett v. Kennedy, 416 U. S. 134 (94 SC 1633, 40 LE2d 15) (1974); *Brownlee v. Williams,* 233 Ga. 548 (1), 552, supra. The recent case of Quinn v. Muscare, —— U. S. —— (96 SC 1752, —— LE2d ——) (1976) involved only the dismissal of a writ of certiorari on grounds of mootness and is not authority for a contrary ruling. A pre-termination hearing is required only "when the stated reason for a public employee's discharge is an allegation that he is guilty of immoral or dishonest conduct or other behavior that might tend to stigmatize him or to lower his standing in the eyes of the community." Robison v. Wichita Falls & North Texas Community Action Corp., 507 F2d 245, 251 (5th Cir., 1975). This is because an employee who is discharged because of allegedly dishonest conduct has an interest in his reputation as well as his employment. See Board of Regents v. Roth, 408 U. S. 564, 573 (92 SC 2701, 33 LE2d 548) (1971). The appellant's discharge clearly does not fall into this category.

*The judgment upholding the suspension is affirmed; the judgment upholding the dismissal is reversed and remanded. Shulman and Birdsong, JJ., concur.*

ARGUED SEPTEMBER 14, 1977 — DECIDED NOVEMBER 23, 1977.

*Clarence F. Seeliger,* for appellant.

*Harvey, Willard, Elliott & Olsen, Wendell K. Willard, William S. Olsen,* for appellees.