## 56719. HUGHES v. RUSSELL et al.

WEBB, Judge.

This is an appeal by a terminated member of the DeKalb County Board of Tax Assessors from a judgment of the superior court denying his petition for certiorari and affirming his dismissal by the Board of Commissioners. A portion of the notice of the charges was given to him 2 days before the hearing, and another portion the night before. Many of the charges were general in nature, e.g., "Not properly and impartially discharging your duties"; and to his counsel's objection at the hearing that he was not being afforded a fair opportunity to defend himself, the Commissioners ruled

that "the case as brought out will be specific enough to allow you to defend it or to show cause why he should not be removed."

We reverse. "The statute (Ga. L. 1972, p. 1114; Code Ann. § 92-6904), providing for dismissal of tax assessors 'for cause shown,' implies the necessity of notice and hearing so as to satisfy the constitutional requirements of due process of law." *Kirton v. Biggers,* 232 Ga. 223 (1) (206 SE2d 33) (1974). "Where a statute provides that a public employee may not be discharged except after notice, . . . the charges must be 'in terms sufficiently explicit as to enable (the employee) to make an explanation. . .' " *Jones v. Mayor &c. of Athens,* 105 Ga. App. 86, 92 (123 SE2d 420) (1961). Mere vagaries or generalities are insufficient, and the notice must be "sufficiently specific and detailed to convey to the employee the substantial nature of the charge without requiring speculation on his part as to the precise complaint he must answer." *City of East Point v. Grayson,* 109 Ga. App. 413, 418 (136 SE2d 434) (1964). Accord, *Sheppard v. DeKalb County Merit Council,* 144 Ga. App. 115 (2) (240 SE2d 316) (1977).

Thus it was error for the Commissioners to rule that the specificity presumed to be forthcoming at the hearing would cure the lack thereof in the notice of the charges. Also, serving of the additional charges the night before the hearing was not "reasonable notice" as contemplated by *Kirton v. Biggers,* 232 Ga. 223, 226, supra, and contrary to the contentions of the Commissioners, we find no waiver of timely notice. "Accordingly, the superior court should have reversed the decision of the [Commissioners] as to the dismissal and remanded the case for new proceedings following proper notice of the charges." *Sheppard v. DeKalb County Merit Council,* 144 Ga. App. 115, 116, supra.

*Judgment reversed and remanded with direction. Quillian, P. J., and McMurray, J., concur.*

ARGUED OCTOBER 17, 1978 — DECIDED NOVEMBER 2, 1978 — REHEARING DENIED NOVEMBER 16, 1978 —

*Harvey, Willard, Elliott & Olsen, Billy Olsen,* for

appellant.
George P. Dillard, Gail C. Flake, for appellees.