34717, 34755. HAMRICK v. CITY OF CALHOUN et al.; and vice versa.
34718, 34756. COOK v. CITY OF CALHOUN et al.; and vice versa.

UNDERCOFLER, Presiding Justice.

Appellants Hamrick and Cook were dismissed by the personnel board of the City of Calhoun after a hearing at which they objected that their dismissal notices were inadequate under the personnel regulations.[1] *Scott v.*

---

[1]"Dismissals of career status employees shall be effective only after the person to be discharged has been

*Undercofler,* 108 Ga. App. 460 (133 SE2d 444) (1963). They appealed by certiorari to the superior court, which affirmed their dismissals, as did the Court of Appeals, *Cook v. City of Calhoun,* 146 Ga. App. 55 (245 SE2d 366) (1978). The latter court, in considering the general grounds, opined in dicta that the notice was insufficient, but refused to reverse because the appellants had failed to enumerate the overruling of their objection to the notices on certiorari to the superior court. On the strength of the dicta in the Court of Appeals opinion, the appellants then filed this suit against the City of Calhoun, its mayor and aldermen, the city superintendent and police chief for reinstatement, back pay and damages, claiming their dismissals were improper and that their civil rights had thereby been violated. The trial court dismissed their complaints, because the notice issue had already been litigated, on res judicata, and waiver and estoppel principles.[2] Appellants appealed to this court. We affirm.

Appellants rely in their argument on the following language in *Scott v. Undercofler,* supra, p. 463: "Provisions of law requiring that a discharged employee be furnished with reasons for removal are mandatory, and *a notice that does not comply with such provisions is void and all proceedings thereafter are a nullity.*" (Emphasis supplied). They claim that since the Court of Appeals said that their notices were defective on their face, the proceedings and thus the judgments affirming dismissal are void and must be set aside. We do not agree.

*Scott v. Undercofler,* supra, involved a direct appeal from the employee's dismissal hearing, where the objection to the notice was raised and pursued on appeal. *Hughes v. Russell,* 148 Ga. App. 143 (251 SE2d 70) (1978);

---

presented with the reasons for such discharge, specifically stated and informed in his notification that he has the right to appeal pursuant to Policy X." City of Calhoun Ordinance and Personnel Policies, Policy 8, § 7.

[2]It also held mandamus an inappropriate remedy in seeking reinstatement and back pay.

*Sheppard v. DeKalb County Merit Council,* 144 Ga. App. 115 (240 SE2d 316) (1977); *City of East Point v. Grayson,* 109 Ga. App. 413 (136 SE2d 434) (1964). Since that is not the situation here, *Scott* and similar cases are distinguishable and do not control this appeal.

As the Court of Appeals said in *Schaefer v. Clark,* 112 Ga. App. 806, 810 (146 SE2d 318) (1965), "[t]here are, of course, instances when the employee, being fully apprized of the facts, is not concerned with specificity in the notice. Thus, if no request for details is made and no appeal is entered within the time for making appeal, the discharge becomes final. The employee may first request details before determining whether to enter an appeal, or he may enter an appeal and then make the request or demand prior to a hearing on the merits, no procedural rules prescribing otherwise. It must follow that if he elects to go to a hearing on the merits without having made the request or demand there is a waiver of any further specificity in the notice." Accord, *Hughes v. Russell,* supra; 2 AmJur2d 176, Administrative Law, § 364.

Where, as here, an objection is overruled and not appealed, the objection is deemed waived. See Rules of the Supreme Court, 18 (c) (2); 235 Ga. 861, 876 (1975). Since the notice requirement is waivable, an inadequate notice is not "a nonamendable defect appearing on the face of the record" nor does it deprive the tribunal of subject matter jurisdiction. Thus it cannot be the basis for setting aside the judgments under Code Ann. § 81A-160. Having had their day in court and the opportunity to litigate the notice issue, the appellants cannot now reopen their cases. *Lankford v. Holton,* 196 Ga. 631 (27 SE2d 310) (1943). The trial court properly dismissed the appellants' complaints on res judicata grounds. Since this ruling disposes of these cases, we need not reach the other enumerations of error nor the cross appeals, which we dismiss.

*Judgments affirmed in Cases Nos. 34717 and 34718. Cross appeals in Cases Nos. 34755 and 34756 dismissed. All the Justices concur.*

ARGUED APRIL 9, 1979 — DECIDED MAY 31, 1979.

*Schuder & Hartness, Edward L. Hartness,* for appellants (Cases Nos. 34717 and 34718).

*Shanahan & Shanahan, Thomas E. Shanahan, McCamy, Minor, Phillips & Tuggle, John P. Neal, III,* for City of Calhoun et al.

*Edward L. Hartness,* for appellee (Case No. 34756).