### 35215. RUSSELL et al. v. HUGHES.

PER CURIAM.

This is an appeal from the grant of mandamus absolute against the board of commissioners and finance director of DeKalb County. Hughes was terminated as tax assessor on February 28, 1978. On appeal the dismissal was declared to be null and void for failure to give proper notice and hearing prior to discharge. *Hughes v. Russell,* 148 Ga. App. 143 (251 SE2d 70) (1978). Hughes then was given a second notice and hearing. He again was terminated on May 9, 1979. The county refused to compensate Hughes from the time of his termination on February 28, 1978, to the termination on May 9, 1979. Hughes brought the present mandamus action to recover the pay and allowances due to him for this period.

1. Appellants enumerate error on the order of the trial court finding that the appellee had been wrongfully and unlawfully discharged, ordering appellants to pay all of appellee's pay and allowances up until, and including, May 8, 1979, and the entire order of the trial court.

In their argument appellants attempt to relitigate the issues of the former appeal. They argue that the original notice of termination was valid and that the hearing could be provided after termination. These arguments are wholly lacking in merit. *Hughes v. Russell,* supra.

He was entitled to compensation through May 8, 1979. *Kirton v. Biggers,* 232 Ga. 223 (206 SE2d 33) (1974).

2. Appellants contend that the trial court erred in striking their defense of setoff that was asserted under Code §§ 20-1301 and 37-308. They contend that since the appellee was earning compensation elsewhere, the

amount of such earnings should be set off against any salary due to him from the county.

The order of the trial court states: "IT IS FURTHER ORDERED, that the defense as set forth by the defendants is not meritorious and is disallowed for the reason of the inequities, that the plaintiff, being wrongfully and unlawfully discharged, was compelled by the County's acts to seek whatever earnings he could obtain during that time in which his salary and allowances had been terminated by the County, and the County may not take advantage of a situation which it illegally created." Code Ann. § 37-104 provides that "He who would have equity must do equity, and give effect to all equitable rights in the other party respecting the subject-matter of the suit."

Although the trial court found against the equitable setoff, it did not consider the general principles of contract law requiring the party suffering the breach to mitigate his damages.

In *Speer v. Johnson,* 52 Ga. App. 636, 641 (184 SE 388) (1935), the court held: "As stated in the *Speer* case [48 Ga. App. 759 (173 SE 449)], the agreement 'simply placed upon him the duty which would devolve upon him by law, to minimize his damage had the defendants' act in dispensing with his services amounted to a breach of the contract.' In *Roberts v. Crowley,* 81 Ga. 429, 439 (7 SE 740), Chief Justice Bleckley, speaking for the court, said: 'Of course the discharged servant is bound to use due diligence to prevent the loss from being more than necessary, and to that end must seek employment in *similar business* and derive such income from it as he reasonably can which is to be deducted in fixing the damage to be recovered. The *burden,* however, of showing that he did obtain employment, or could have obtained it by due diligence, is on the *other party.'* "

In the present case, plaintiff was engaged in the real estate appraisal business on a parttime basis prior to his discharge. After his discharge he devoted his full time to these efforts. Any increase in earnings should be in mitigation of the county's liability to plaintiff. Since the county has demanded a jury trial on this issue, the trial court should submit this question to the jury.

*Judgment affirmed in part; reversed in part. All the Justices concur, except Nichols, C. J., Undercofler, P. J., and Jordan, J., who dissent as to Division 2 and the judgment.*

ARGUED SEPTEMBER 12, 1979 — DECIDED OCTOBER 23, 1979 — REHEARING DENIED NOVEMBER 6, 1979.

*George P. Dillard, Gail C. Flake,* for appellants.
*Harvey, Willard, Elliott & Olsen, Billy Olsen, E. Christopher Harvey,* for appellee.