## 59286. RUSSELL et al. v. HUGHES.

Sognier, Judge.

This is the third appeal in this case which originated on February 28, 1978 when the DeKalb County Board of Commissioners dismissed Hughes, a member of that county's Board of Tax Assessors. The first appearance in this court was brought by Hughes alleging improper notice of the charges against him, resulting in a reversal of his termination and remand to the commission for new proceedings after proper notice of the charges. *Hughes v. Russell,* 148 Ga. App. 143 (251 SE2d 70) (1978).

Hughes was given a second notice specifying 17 grounds for removal, and after a hearing he was terminated again on May 9, 1979. He then brought a mandamus action to compel payment of back pay and allowances due him from February 28, 1978 to May 9, 1979. The commission sought to set off compensation Hughes had earned elsewhere during that period and the commission appealed the superior court's adverse ruling to the Supreme Court. That court, in a four to three decision, reaffirmed the invalidity of the 1978 dismissal, but reversed and remanded the case for jury trial on the issue of setoff. *Russell v. Hughes,* 244 Ga. 634 (261 SE2d 584) (1979). Prior to argument and decision in the Supreme Court on the issue of setoff, however, Hughes filed a petition for writ of certiorari in the superior court alleging insufficient notice of the charges brought against him at the May, 1979 hearing. The trial judge vacated the findings of the commission and Hughes' dismissal, ruling that until Hughes was discharged pursuant to former Code Ann. § 92-6904 "for cause shown" he was entitled to hold his position as tax assessor and to receive his pay. The commission here seeks review of that order on grant of discretionary appeal.

1. We agree with the appellant commission that the trial judge erred in finding that the May 9, 1979 dismissal was contrary to law because the charges still did not afford Hughes a fair opportunity to defend himself at that hearing. While many of the 1978 charges were general in nature, such as "not properly and impartially discharging your duties" (*Hughes v. Russell,* 148 Ga. App. 143, supra) the 1979 charges consisted of four pages and alleged that 17 separate and distinct duties or functions of the office were breached during the year of 1978. Not only did Hughes have a fair opportunity to defend himself against these charges at the hearing, the transcript shows that he did so vigorously. However, the

testimony of his fellow employees amply authorized the findings of the commission as to his derelictions and resultant discharge for cause.

2. The question as to whether Hughes is entitled to past wages and allowances, and if so how much, is still pending in the mandamus action and must be determined by a jury trial pursuant to the commission's demand. *Russell v. Hughes,* 244 Ga. 634, 635 (2), supra.

3. This appeal from the final judgment entered August 28, 1979 was properly brought under Code Ann. § 6-701.1(a) (1) and is not subject to dismissal for any reason assigned in the motion filed by Hughes.

*Judgment reversed. Deen, C. J., and Birdsong, J., concur.*

ARGUED JANUARY 14, 1980 — DECIDED APRIL 23, 1980 —

*George P. Dillard, Gail C. Flake,* for appellants.
*Christopher Harvey, Billy Olsen,* for appellee.