William BASS, Plaintiff–Appellant,

v.

The CITY OF ALBANY, a Municipal Corporation; Norman Denney and Nicholas Meiszer, Defendants–Appellees.

No. 91–8335.

United States Court of Appeals, Eleventh Circuit.

July 17, 1992.

Kermit S. Dorough, Jr., Dorough & Sizemore, Albany, Ga., for plaintiff-appellant.

Leonard Farkas, Landau, Davis & Farkas, Albany, Ga., for defendants-appellees.

Before KRAVITCH and DUBINA, Circuit Judges, and RONEY, Senior Circuit Judge.

PER CURIAM:

William Bass, a former City of Albany policeman, appeals from a summary judgment for defendants in a suit challenging his discharge on the ground that his suspension and termination review process did not satisfy the minimum requirements of due process. We hold that summary judgment was precluded because there are issues of fact as to whether Bass was given inadequate notice of the charges ultimately alleged as reasons for his termination, and as to whether he was improperly suspended without benefits pending his pretermination hearing. We concur in the trial court's decision that denied Bass' claims that the city manager was not an impartial fact finder, and that he was denied equal protection of the law because of alleged disparate treatment previous officers received. The summary judgment for defendants is reversed.

On April 4, 1987, Officer Bass was ordered to pursue an unidentified suspect driving erratically at a high rate of speed. He and other officers engaged in a high-speed automobile chase in and around Albany. Once the officers stopped the vehicle, the suspect attempted to escape on foot. At that time, Bass and some of the officers chased the suspect and tackled him in a ditch. During the course of the arrest,

a struggle ensued in which the suspect sustained a fractured jaw and other serious bodily injuries to the head and face. At least some of the injuries occurred after the suspect was handcuffed.

The suspect charged that Bass and the other arresting officers used excessive force in making the arrest. In response to the charge, the Albany Police Department undertook an internal affairs investigation into the incident. Internal affairs investigators notified Bass of the investigation and interviewed him to get his version of the incident. The investigators concluded that Bass had violated departmental policy against using excessive force in the apprehension of the suspect.

Albany Police Chief Norman Denney called a meeting with Bass on April 14, 1987, to give him a second chance to tell his side of the story, and an opportunity to refute the investigators' findings. After the meeting, Denney informed Bass that he was suspending him without pay pending a pretermination hearing for violating departmental policy SOP-240, section 22, which proscribes the excessive use of force.

The pretermination hearing was held on May 4, 1987 before city manager Nicholas Meiszer. At the hearing, Bass was given another opportunity to present his side of the case. After the hearing, Meiszer rendered a written decision in which he found sufficient grounds to terminate Bass. In addition to finding a violation of the policy against using excessive force, Meiszer cited other factors as reasons for terminating Bass: numerous violations of city policies and procedures concerning filing of reports, the conduct of the high speed automobile chase, and the use of firearms.

### Notice of Charges

■ Both parties agree that Bass had a constitutionally protected property interest in his continued employment as a police officer and could not be discharged without cause. A series of Supreme Court cases has set forth the minimal due process requirements in such a case. *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 542, 105 S.Ct. 1487, 1493, 84 L.Ed.2d 494 (1985);

*Mathews v. Eldridge,* 424 U.S. 319, 334, 96 S.Ct. 893, 902, 47 L.Ed.2d 18 (1976); *see also Everett v. Napper,* 833 F.2d 1507, 1512 (11th Cir.1987). Fundamental to due process is the giving of notice of the reasons for termination. *Glenn v. Newman,* 614 F.2d 467, 472 (5th Cir.1980).

■ In this case, Bass was informed of violating the departmental policy proscribing the use of excessive force. He was not given notice concerning the improprieties regarding the filing of reports, the high-speed chase, or the use of firearms. Bass first learned of these additional reasons given by the city manager for his termination after the pretermination hearing was completed. Although Police Chief Denney made his decision that Bass should be terminated on the excessive force charge alone, the defendants have not argued that the city manager did not rely upon the other reasons for dismissal. Since the district court apparently overlooked the evidence that the termination was partially based on reasons not included in the notice to Bass, the summary judgment for defendants must be reversed. *See e.g., Miller v. City of Mission,* 705 F.2d 368, 372 (10th Cir.1983) (hearing did not provide due process where plaintiff first learned of many of alleged grounds for dismissal at beginning of termination hearing); *Sheppard v. Dekalb County Merit Council,* 144 Ga.App. 115, 240 S.E.2d 316 (1977) (reversal warranted where county included in its letter of dismissal reasons other than those provided in the prehearing dismissal notice).

### Suspension Without Pay

■ Bass was suspended without pay pending the pretermination hearing. In *Everett v. Napper,* 833 F.2d 1507, 1512 (11th Cir.1987), we held that " 'where the employer perceives a significant hazard in keeping the employee on the job,' the employer may suspend the employee with pay even before granting an opportunity to be heard or notice," but payment of benefits cannot be withheld prior to a hearing. Once Bass elected to have a pretermination hearing, the meeting between Bass and Denney did not constitute a proceeding in which Bass received adequate notice and a hearing sufficient to deny benefits. The defendants do not argue otherwise. The brief states: "[t]he various department heads make a preliminary determination, when the occasion arises, whether someone under them should be disciplined, suspended and/or terminated. If the department head should determine that the facts are such that the employee should be terminated, the employee is notified of this and is given the right to seek a pretermination hearing from the City Manager." Summary judgment, therefore, was improper on the claim that Bass was improperly suspended without pay prior to his pretermination hearing.

### Fair Hearing

■ Bass alleges that the city manager was prejudiced against him and was unqualified to preside over the hearing, that the city's desire to escape liability in anticipated litigation motivated his discharge, and that extraneous facts and circumstances improperly influenced the city manager. These arguments are without merit. There is no evidence in the record that City Manager Meiszer or Police Chief Denney manufactured the termination process, had any personal reason to terminate him, or were biased against him. Under the City's municipal government system, the city manager is charged with the duty to hire and fire city personnel. No law prohibits him from discharging an employee of the city for cause. As a city official, Meiszer was obligated to communicate with the mayor, city commissioners, and the chief of police to assure them that a full investigation and appropriate disciplinary action would be taken. As required, a full investigatory proceeding took place in which Bass was represented by counsel. Meiszer did not know Bass personally, and did not have an interest in the outcome of the matter. His only function was to hear the evidence and determine from that evidence the proper disposition of the matter. The district court correctly held that Bass failed to support his claims concerning the conduct of a fair and impartial hearing.

Bass also argues that Meiszer improperly refused to hear testimony of other officers previously found to have used excessive force in the line of duty who were not terminated. It was not error for Meiszer to refuse to allow these officers to testify because they were not witnesses to *this* case. In addition, Meiszer assured counsel that he would consider the other incidents in determining the disposition of Bass' case. Because Meiszer's consideration of those incidents did not affect his decision in a fashion favorable to Bass, he cannot now claim a constitutional violation simply because he is dissatisfied with the ruling.

### Equal Protection

Bass argues that he was denied equal protection of the law as a result of disparate treatment he received compared to similarly situated officers. There is, however, no constitutional violation merely because Bass was terminated and other officers, totally unrelated to the incident at issue in this case, were reprimanded and not fired. The city manager correctly decided that the other incidents of excessive force had no bearing on Bass' use of excessive force. Meiszer properly stated that "[t]he hearing was not to consider what others had done, the hearing was to consider what Officer Bass did." Simply because few, if any, other officers were terminated for violating the departmental policy, does not mean that the type of excessive force Bass used should not warrant termination.

As with selective prosecution in criminal cases, Bass' termination would violate the equal protection clause of the Fourteenth Amendment if it were based on improper motives. *United States v. Lichenstein,* 610 F.2d 1272 (5th Cir.), *cert. denied,* 447 U.S. 907, 100 S.Ct. 2991, 64 L.Ed.2d 856 (1980). Bass, however, cannot show that the City's termination of him was selective, invidious, in bad faith or based on impermissible considerations such as race, religion, or his exercise of constitutional rights. *Id.* at 1281. We, therefore, hold that summary judgment on the equal protection claim would be proper.

Because there are genuine issues of fact concerning plaintiff's claims, the summary judgment for defendants must be reversed and the case remanded to the district court for further proceedings.

REVERSED AND REMANDED.