20153.   HILL *v.* JOHNSON *et al.*

Argued July 15, 1958—Decided September 5, 1958—
Rehearing denied October 10, 1958.

*M. L. Preston, R. A. Moore,* for plaintiff in error.

*Arthur C. Farrar, George E. Maddox, Gibson & Maddox,* contra.

HEAD, Justice. Section 16 of the act incorporating the City of Nicholls is as follows: "Be it further enacted, That should the Mayor or any member of the Board of Aldermen be guilty of malpractice in office, wilful neglect, or abuse of the powers conferred upon him, or shall be guilty of any other act or acts unbecoming an officer of the City of Nichols, he shall be impeached by the Board of Aldermen, by a majority vote of the entire Board of Aldermen of said city, and upon conviction shall be removed from office." Ga. L. 1920, p. 1337. It is alleged by the petitioner that the defendants are seeking to impeach him under the provisions of this section, and have given him notice of a hearing at which time they will hear evidence on the question of his impeachment.

It is the general rule that a court of equity has no jurisdiction to enjoin the removal of a public officer. *Brackett* v. *Bridges,* 178 *Ga.* 588 (173 S. E. 379); 43 C. J. S. 647, § 116; 42 Am. Jur. 984, § 144; 34 A.L.R. 2d 558, § 2.

The petitioner relies mainly on the case of *Coleman* v. *Glenn,* 103 *Ga.* 458 (30 S. E. 297, 68 Am. St. R. 108), to support his contention that a statute providing the method of removal of a public officer, elected for a fixed term, for causes specified, but

which makes no provision for any notice to such officer, or for a hearing of the charges against him, with an opportunity to make his defense, is unconstitutional, and an order of removal based thereon a mere nullity.

In *Coleman* v. *Glenn*, 103 *Ga.* 458, supra, one Justice concurred specially. The ruling therein in regard to the unconstitutionality of the statute has been followed by a majority of this court in some cases, and has been disapproved in others. For example, see *Gray* v. *McLendon*, 134 *Ga.* 224, 246 (67 S. E. 859); *City of Macon* v. *Anderson*, 155 *Ga.* 607, 608 (3) (117 S. E. 753); *Walton* v. *Davis*, 188 *Ga.* 56 (2 S. E. 2d 603). The *Coleman* case has been cited in a number of full-bench decisions declaring the principle that a public officer, with a fixed term of office, is not subject to removal except upon cause shown, with notice and an opportunity to be heard. *Ledbetter* v. *Reese*, 148 *Ga.* 633 (97 S. E. 669); *Talmadge* v. *Cordell*, 167 *Ga.* 594, 595 (5) (146 S. E. 467); *Patten* v. *Miller*, 190 *Ga.* 123, 140 (8 S. E. 2d 757).

The rulings in *Coleman* v. *Glenn*, 103 *Ga.* 458, supra, do not authorize the grant of an injunction to the petitioner in the present case. The allegations of his petition do not make a question as to the unconstitutionality of the impeachment provision of the city charter of Nicholls. He asserts that this section is not susceptible of being rendered retroactively enforceable by enabling ordinance, and that any effort to do so would be violative of stated provisions of the State and Federal Constitutions. This is not an assertion that the provisions of the city charter are unconstitutional because of the failure to provide therein for notice and a hearing. Furthermore, in the *Coleman* case, after holding that the removing statute was unconstitutional, it was held that the writ of injunction would not lie in that case, and the court quoted with approval from Throop's Pub. Off. 384, § 392, as follows: "It is not the province of a court of equity to interfere in cases involving merely the question of title to an office; and accordingly an injunction will not lie, either against the removing officer or body, to prevent the removal, or against the person appointed in place of the officer removed, to prevent him from exercising the duties of the office."

The petitioner asserts that there has been no enabling ordinance adopted by the legislative department of the city to render operative the provisions of the city charter of Nicholls authorizing impeachment proceedings, and he seeks to enjoin the hearing of which he was given notice. Under the allegations of his petition, the defendants have given him reasonable notice of the time and place of a hearing to determine the issue of impeachment, and there has been no actual ·denial of due process to him. Whether or not the members of the board of aldermen have prejudged the petitioner's case, the legislature has designated such members as the proper forum for hearing the impeachment proceedings, and he is not denied due process of law by reason of the fact that the impeachment proceedings will be conducted by them. Compare Emerson v. Hughes, 117 Vt. 270, 279 (90 Atl. 2d 910, 34 A.L.R. 2d 539).

This court has held that equity may restrain a person who seeks by force to interfere with an incumbent's possession of an office (Allen v. Wise, 204 Ga. 415, 50 S. E. 2d 69, and cases cited) ; but we have found no case decided by this court in which it has been held that an injunction should be granted to restrain the removal of a public officer. The present case is no exception to the general rule, and the trial judge properly sustained the general demurrer to the petition.

Judgment affirmed. All the Justices concur, except Wyatt, P. J., who dissents.