## 50555. KIRTON v. BIGGERS et al.

STOLZ, Judge.

This is the second appearance of this case before our appellate courts. See *Kirton v. Biggers,* 232 Ga. 223 (206 SE2d 33).

The present appeal is by the former Chairman of the Floyd County Board of Tax Assessors from the judgment of the Floyd Superior Court affirming the December 18, 1973 resolution of the Board of Commissioners of Floyd County removing him from office pursuant to the provisions of Code Ann. § 92-6904 (Ga. L. 1913, pp. 123, 124; 1972, p. 1114), following a hearing.

1. The trial judge did not err in affirming the board of commissioners' denial of the appellant's motion to disqualify the members of said board from conducting the removal proceedings on the ground that the board's previous resolution of November 6, 1973, held to be null and void by the Supreme Court on the prior appeal of the case, evidenced the board's prejudgment of the case. Whether or not the members of the board of commissioners have prejudged the appellant's case, the legislature has designated such members as a proper forum for hearing the removal proceedings and our Supreme Court, in the previous appeal of the case, upheld the constitutionality of the statute designating them as a proper forum, hence the appellant is not denied due process of law by reason of the fact that the removal proceedings will be conducted by them. See *Hill v. Johnson,* 214 Ga. 417, 420 (105 SE2d 309) and cit.; Yamada v. Natural Disaster Claims Commn., 54 H. 621 (513 P2d 1001); Duffield v. Memorial Hospital Assn. of Charleston, 361 FSupp. 398, 403 (5, 6); Pangburn v. Civil Aeronautics Bd., 311 F2d 349, 350. The alternative forum of the superior court judge provided for by Code Ann. § 92-6909 (Ga. L. 1913, pp. 123, 125; 1946, pp. 726, 755), is neither authorized nor required in the present case, because access to that forum is obtained solely via "petition by 10 or more freeholders of the county to the judge of the superior court."

2. The appellant contends that the notice of charges given him was not sufficient to afford him a fair

opportunity to defend himself.

In holding that Code Ann. § 92-6904, by necessary implication, provides for notice and hearing as a matter of right, the Supreme Court on the previous appeal did not define the requisites of notice other than by intimating that it must be "reasonable." *Kirton v. Biggers,* 232 Ga. 223, 226, supra. "Where a statute provides that a public employee may not be discharged except after notice, 'it is necessary only that the notice be unequivocal, and where a reason must be given, or charges preferred, they must be sufficiently clear to apprise the employee of the nature and circumstances prompting his discharge. It is enough if the statement or charges are such that the employee would have sufficient knowledge or reason to know the basis on which his removal is sought.' Kaplan, the Law of Civil Service, p. 227, § 1 (b). In other words, the charges must be 'in terms sufficiently explicit as to enable [the employee] to make an explanation . . .' State ex rel. Asbaugh v. Bahr, 68 Ohio App. 308, 314 (40 NE2d 677); Mulligan v. Dunlap, 108 F. Supp 296, 297." *Jones v. Mayor &c. of Athens,* 105 Ga. App. 86, 92 (4a) (123 SE2d 420). See also generally 67 CJS 275, Officers, § 66 (b).

The notice given the appellant provided that a hearing would be held to determine whether or not he should be removed from office for the reason that he failed to comply with the provision of Code Ann. § 92-6917 (Ga. L. 1913, pp. 123, 129; 1931, pp. 7, 35; 1945, p. 251) that "The county boards of tax assessors shall complete their revision and assessment of the returns of taxpayers in their respective counties by June 1 of each year"; stated that the hearing was being held pursuant to Code Ann. § 92-6904, supra, quoting the pertinent provision thereof, that "[t]he members of the board may be removed by the appointing authority only for cause shown for the failure to perform the duties or meet the qualifications imposed upon them by law . . ."; recited the history of the case; provided that the appellant be notified personally, giving the time, date and location of the hearing; and advised him that he was entitled to counsel and to present "whatever evidence is pertinent and material to a determination of this cause at said hearing."

The above notice was sufficient, under the

authorities hereinabove cited and quoted, to apprise the appellant of the charge against him, naming the specific Code section with which he was alleged to have failed to comply. The appellant contends that the notice is insufficient because the requirement of Code Ann. § 92-6917 with which the appellant failed to comply, is directory only (*Garr v. E. W. Banks Co.,* 206 Ga. 831 (5) (59 SE2d 400)); because he is not charged with a neglect of his duty, nor a refusal to perform his duty, nor an intentional violation of the law; and because it is an attempt to remove only one member of the three-member board, albeit the chairman, for actions (or inactions) by all three members.

It has been held that "[t]he charges or reasons given must be sufficient in their nature to warrant removal . . ." 67 CJS 275, Officers, § 66 (b) and cits., n. 94. As the board noted in its resolution-notice, Code Ann. § 92-6904, supra, provides that removal may be for merely "the failure to perform the duties . . . imposed upon them by law." The duty under Code Ann. § 92-6917 is such a duty "imposed upon them by law," whether it is a mandatory or merely a directory duty. The statute does not differentiate either between duties which are mandatory or directory, joint or several, or between failures of performance of duties which are intentional or negligent. If the appellant is charged with grounds for removal, it is no defense that the other two members of the board are not likewise charged. The board of commissioners was within its rights in holding the chairman of the board accountable for the failure of statutory compliance of the whole board.

Thus, the notice charged the appellant with grounds for removal, and was sufficient to afford him a fair opportunity to defend himself.

3. The appellant contends that the decision of the board of commissioners to remove him from office, was without any evidence to support it and contrary to law and the principles of justice and equity.

Without setting forth in detail all of the evidence adduced at the hearing, we have nevertheless reviewed such evidence, and conclude that it supports the board's decision. Although there is evidence from which it might have been found that the board of which the appellant was

chairman completed its duties under the statute in question as timely as did such boards in many other counties throughout the state, and that some or all of the delays may have been justifiable on various grounds, or perhaps were harmless; nevertheless, there appeared a failure—justified or unjustified—of compliance with the statutory duty, which is a statutory ground for removal. The board of commissioners, as the appointing authority of the board of tax assessors, necessarily has a certain discretion as to the level of performance which it is willing to tolerate. As long as no abuse of such discretion is shown, this court should not substitute its findings of fact or construction of the evidence for that of the governmental body having appointing and removal powers. Although the county board of commissioners is not an "agency" as defined in Code Ann. § 3A-102 (a) (Ga. L. 1964, pp. 338, 340; 1965, pp. 283, 284-286), so as to make the Georgia Administrative Procedure Act applicable to its decisions; nevertheless, the scope and criteria of judicial review of such body's decisions is closely analogous to that of an "agency," as set out in Code Ann. § 3A-120 (h) (Ga. L. 1964, pp. 338, 354).

*Judgment affirmed. Deen, P. J., concurs. Evans, J., concurs specially.*

SUBMITTED APRIL 29, 1975 — DECIDED JULY 1, 1975 — REHEARING DENIED JULY 15, 1975 —

*Wright, Walther & Morgan, Robert G. Walther,* for appellant.

*Hamilton, Anderson & Minge, George Anderson,* for appellees.

EVANS, Judge, concurring specially.

One of the enumerations of error on the part of appellant is that the commissioners had prejudged the case; in other words, were not fair and impartial. This may be a hiatus in the law, but there is no requirement that they be fair and impartial.

Federal judges may be moved against if they are not

fair and impartial. See 28 USCA, § 144 involved in Berger v. United States, 255 U. S. 22 (41 SC 230, 65 LE 481); United States v. Thompson, 483 F2d 527; and as to 28 USCA, § 455, see Laird v. Tatum (408 U. S. 1), Motion to Recuse Supreme Court Justice, 409 U. S. 824 (93 SC 7, 34 LE2d 50).

State court judges, under a quite recent law, may have their fairness and impartiality questioned. Code Ann. § 2-4803 (Ga. L. 1972, p. 1364; ratified Nov. 7, 1972); Canon 3C, Code of Judicial Conduct, 231 Ga. A-5.

Jurors may be questioned on the voir dire, and if one admits his prejudice and partiality, the trial judge will remove him from the panel. See *Jones v. Cloud,* 119 Ga. App. 697, 698 (5), 707 (168 SE2d 598).

But county commissioners and certain other officials described in Code Ann. § 24-102 may be disqualified only if they are related to the parties—and sometimes to counsel; or financially interested in the outcome of the case. See *Elder v. Camp,* 193 Ga. 320 (1) (18 SE2d 622); *Jones v. State,* 219 Ga. 848 (1) (136 SE2d 358); *Long v. State,* 25 Ga. App. 22 (1) (102 SE 359); *Hendricks v. State,* 34 Ga. App. 508 (2) (130 SE 539); *Beavers v. Inman,* 35 Ga. App. 404 (1) (133 SE 275); *Columbian Peanut Co. v. Pope,* 69 Ga. App. 26, 29 (24 SE 710); *Smith v. State,* 74 Ga. App. 777 (1) (41 SE2d 541).

Just how we have gone along this far without ever correcting this inequity in the law is beyond my comprehension. It should be corrected, and speedily, and until then, as Mr. Bumble said: "The law is a ass . . ."

For the above reasons, as I am bound by Code Ann. § 24-102, I concur specially in the judgment of affirmance.