## 57669. NOLEN v. DEPARTMENT OF HUMAN RESOURCES.

SMITH, Judge.

Appellant, who suffers from a severe heart condition, applied to the Georgia Department of Human Resources, Division of Vocational Rehabilitation for assistance in establishing a private detective agency. The application was denied by the department. This administrative action was affirmed by the Superior Court of Upson County in accordance with the provisions of Code § 3A-120. Appellant enumerates three points of error in this appeal. Finding them all without merit, we affirm the order of the superior court.

1. Appellant was provided with a transcript of the administrative hearing. He is not entitled to the tape recording from which the transcript was prepared. Code § 3A-114 (a) (8).

2. Appellant objected to the admission of certain medical reports which were relied upon by the hearing officer in reaching his decision. These medical reports contain both an objective evaluation of appellant's physical condition and medical doctors' opinions of appellant's ability to operate a private detective business. Most of these opinions conclude that the amount of stress and physical activity required in the private detective business would pose a hazard to appellant's health.

The fact that these medical reports are hearsay does not mean that such reports could not be considered by the hearing officer in making his determination. Code § 3A-116 provides: "In contested cases: (a) Irrelevant, immaterial, or unduly repetitious evidence shall be excluded. The rules of evidence as applied in the trial of

civil nonjury cases in the superior courts of Georgia shall be followed. *When necessary to ascertain facts not reasonably susceptible of proof under such rules, evidence not admissible thereunder may be admitted except where precluded by statute if it is of a type commonly relied upon by reasonably prudent men in the conduct of their affairs. . ."* (Emphasis supplied.) The medical reports submitted in this case satisfy the requirements of Code § 3A-116 (a). Therefore, we cannot say that the determination of the hearing officer is clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record. Code § 3A-120 (h); *Dept. of Transp. v. Rushing,* 143 Ga. App. 235 (237 SE2d 722) (1977).

3. The order of the superior court affirming the administrative determination of the Department of Human Resources is not objectionable on the ground that it was not labeled a judgment. Code § 3A-120 (h).

*Judgment affirmed. Quillian, P. J., and Birdsong, J., concur.*

Argued April 5, 1979 — Decided September 4, 1979 — Rehearing denied September 24, 1979 — 

Lenard Wallace Nolen, Sr., *pro se.*

*Arthur K. Bolton, Attorney General, Melvin M. Goldstein, Dallas P. Jankowski, Assistant Attorneys General, Stephanie Manis, Staff Assistant Attorney General,* for appellee.