38974, 38975. GERON et al. v. CALIBRE COMPANIES, INC.
et al.; and vice versa.

MARSHALL, Presiding Justice.

In this case, the plaintiffs are suing to enjoin construction of a condominium development in the area of the Chattahoochee River Corridor. The proposed development is to be located on Columns Drive in Cobb County. The plaintiffs are Richard P. Geron, Jr.; Columns Drive Community Association, Inc.; and Friends of the

River, Inc. Included as defendants are Calibre Companies, Inc., and several affiliated corporations (Calibre); the Cobb County Board of Commissioners, and the chairman thereof; and the Atlanta Regional Commission (ARC).

On March 30, 1981, Calibre filed an application for a certificate of development authorizing construction of an 810-unit condominium development on 140 acres of land located partially within the Chattahoochee River Corridor. This application was filed under the provisions of the Metropolitan River Protection Act (Ga. L. 1973, p. 128 et seq.; as amended by Ga. L. 1975, p. 837 et seq.) See *Pope v. City of Atlanta,* 242 Ga. 331 (249 SE2d 16) (1978); *Pope v. City of Atlanta,* 240 Ga. 177 (240 SE2d 241) (1977). The application was rejected by ARC on the ground that it violated the Chattahoochee Corridor Study promulgated by ARC under § 4 of the River Act.

On June 11, 1981, Calibre filed another such application for a certificate of development. This application sought authorization for construction of a 188-unit condominium development on 44.2 acres of land within the Chattahoochee River Corridor. This application was also rejected. After some modifications were made in the proposed development, another application for development of the 188-unit condominium development on 44.08 acres was filed on June 23, 1981. This application was approved by ARC and forwarded to the Cobb County Board of Commissioners.

Public hearings on the application were held by the county commission in July, August and September of 1981. On September 8, 1981, the commission adopted a resolution approving Calibre's application for a certificate of development for the 188-unit condominium. However, the following day, the Chairman of the Cobb County Board of Commissioners mistakenly signed the earlier application for the 810-unit development.

On October 8, the plaintiffs filed a four-count complaint in the Cobb Superior Court, contesting the county commission's approval of Calibre's application for the 810-unit condominium development. On November 30, the superior court entered an order dismissing Counts 1, 3, and 4 of the plaintiffs' complaint on the ground that these counts of the complaint sought injunctive relief and the plaintiffs have an adequate remedy at law through appeal of the commission's order. The court ruled that the plaintiffs could proceed to appeal the county commission's decision under Count 2 of their complaint, on the ground that the commission acted arbitrarily or capriciously, or abused its discretion, in granting the certificate of development for the 810-unit condominium.

On November 24, the certificate authorizing the 810-unit

development was revoked by the chairman of the county commission, and he approved the application authorizing the 188-unit development.

On December 11, the Cobb Superior Court issued an order enjoining Calibre from relying on the 810-unit development certificate, and the case was remanded to the county commission. On December 22, the county commission ratified the commission chairman's revocation of the 810-unit development certificate and his approval of the 188-unit development certificate. On December 23, the present complaint was filed. Like the prior complaint, the present complaint is couched in four counts, and the grounds for challenging the 188-unit development are the same grounds urged in the prior complaint for challenging the 810-unit development.

In Count 1, the plaintiffs argue that the condominium development and the county's issuance of a certificate of development therefor are in violation of the River Act and the Chattahoochee Corridor Study. In Count 2, the plaintiffs argue that the county acted arbitrarily and capriciously, and abused its discretion, in issuing the certificate of development because of, among other things, the risk of flooding in the area. In Count 3, the plaintiffs argue that the proposed development is in violation of Cobb County's erosion and sedimentation control ordinance and the flood protection ordinance of Cobb County. In Count 4, the plaintiffs argue that the proposed development will cause increased runoff, sedimentation, and flooding of plaintiffs' property and will result in siltation, sedimentation, and other pollution affecting nearby water supplies. Injunctive relief is sought in each count.

On March 26, 1982, the trial court entered an order granting the defendants' motion to dismiss Counts 1, 3 and 4 of the plaintiffs' complaint, on the ground that the plaintiffs have an adequate remedy at law to appeal from the adverse ruling of the Cobb County Board of Commissioners. Again, the trial court allowed the plaintiffs to proceed to trial on Count 2 of their complaint insofar as this count alleges that the county acted arbitrarily or capriciously, or abused its discretion, in issuing the certificate of development. However, after conducting a hearing on that question, the court on May 3, 1982, entered an order dismissing the plaintiffs' case on the merits on the ground that the plaintiffs have failed to establish by competent evidence the adoption of the Chattahoochee Corridor Study by Cobb County.

In case no. 38974, the plaintiffs appeal, complaining of the trial court's dismissals of the various portions of their complaint; they also complain of various evidentiary rulings made by the trial court during the hearing below, including the court's refusal to treat the

appeal from the county's issuance of the certificate of development as a de novo investigation. In case no. 38975, the defendants cross-appeal, complaining of the trial court's failure to dismiss the plaintiffs' entire complaint on grounds of res judicata, estoppel by judgment, and failure of the plaintiffs to appeal the decision of the county commission to the superior court in a timely fashion. The 'defendants have also filed a motion to dismiss the plaintiffs' appeal to this court, on the ground that the plaintiffs failed to file an application to appeal.

1. The defendants' motion to dismiss this appeal is without merit.

It is true that subsections (a)(1) and (b) of Code Ann. § 6-701.1 do require an application to appeal decisions of the superior court reviewing, among other things, decisions of local administrative agencies. However, it has been held that a county commission is not an administrative agency. *Kirton v. Biggers,* 135 Ga. App. 416 (3) (218 SE2d 113) (1975). We adhere to that ruling, notwithstanding the fact that it can be said that a decision of a county commission such as the one here is administrative in nature. See generally *City of Ludowici v. Brown,* 249 Ga. 857 (1) (295 SE2d 90) (1982).

2. The trial court erred in dismissing the plaintiffs' case on the ground that they have failed to establish by competent evidence that Cobb County has enacted an ordinance adopting the Chattahoochee Corridor Study.

Section 4 of the River Act "permits a planning commission for a metropolitan area with a population of one million or more persons to develop a comprehensive plan for land and water use along stream corridors when a stream supplies forty percent or more of the water for the metropolitan area." *Pope v. City of Atlanta,* 242 Ga., supra, at p. 331. Pursuant to this authority, ARC has developed the Chattahoochee Corridor Study. Id.

Section 5 (a) of the Act states: "*Pending adoption of the plan* as to each political subdivision, it shall be unlawful for any person to erect, maintain, suffer or permit any structure, dam, obstruction, deposit, clearing or excavation in or on the stream corridor which will adversely affect the efficiency of or restrict the capacity of the water course or flood plain, appreciably increase runoff or flood heights, adversely affect the control, protection, allocation or utilization of the water and related land resources of the stream corridor, harmfully obstruct or alter the natural flow of flood waters, or harmfully increase erosion, siltation or water pollution . . ." (Emphasis supplied.)

Section 5 (b) (1) states: "*After adoption of the plan,* or any portion thereof, it shall be unlawful within those areas regulated by

the plan or any portion thereof for any person to erect, use, maintain, suffer or permit a structure, dam, obstruction, deposit, clearing or excavation in or on the stream corridor which will be incompatible or inconsistent with the plan, or any portion thereof. A proposed land or water use shall be deemed to be not in compliance with the plan unless and until the governing authority of the political subdivision authorizes the issuance of a certificate for the proposed use after making a specific finding that such use is in compliance with the plan or portion thereof . . ." (Emphasis supplied.)

Under Section 9, "[a]ny person aggrieved by any final determination of the Commission or a governing authority under this Act may take an appeal to the superior court of the county in which all or part of the land affected lies. Any such appeal shall be brought in the manner provided for appeals from boards of zoning appeals set forth in Code Ch. 69-12." Under Section 14, "[t]he superior court of the county in which the land or any part thereof lies, shall have jurisdiction to restrain a violation of this Act upon a suit being filed by the Commission, political subdivision affected, or by any person . . ."

As we interpret the foregoing provisions of the River Act, development in an area that is part of a stream corridor is unlawful, even if the political subdivision in which the area of the stream corridor is located has not adopted a land and water use plan for the corridor, if the development "will adversely affect the efficiency of or restrict the capacity of the water course or flood plain, appreciably increase runoff or flood heights, adversely affect the control, protection, allocation or utilization of the water and related land resources of the stream corridor, harmfully obstruct or alter the natural flow of flood waters, or harmfully increase erosion, siltation or water pollution." Section 5 (a), supra. Where the affected political subdivision has adopted the plan, development in the stream corridor is unlawful if it "will be incompatible or inconsistent with the plan, or any portion thereof." Section 5 (b) (1), supra.

Where a county commission has adopted a land and water use plan for a stream corridor located in the county, and where the commission has issued a certificate of development thereunder, a § 9 appeal lies from that determination. Where the political subdivision in which the area of the stream corridor is located has not adopted a plan therefor, and where a development is proposed thereon, "the Commission, political subdivision affected, or . . . any person" can seek an injunction in superior court under § 14 of the Act on the ground that the development is in violation of the Act. We do agree that where a political subdivision has issued a certificate of development under the River Act, an aggrieved party's remedy is

through a § 9 appeal from that determination.

In this case, Calibre filed an application with Cobb County for a certificate of development under the provisions of the River Act. The county commission issued the certificate of development, based on the recommendation of ARC that the proposed development is in compliance with the Chattahoochee Corridor study (and, therefore, the River Act). We agree with the superior court's earlier ruling that the question for decision is, therefore, whether the commission acted arbitrarily or capriciously, or abused its discretion, in making this determination. See *Bentley v. Chastain,* 242 Ga. 348 (249 SE2d 38) (1978). See also *Nolen v. Dept. of Human Resources,* 151 Ga. App. 455 (2) (260 SE2d 353) (1979); Code Ann. § 3A-120 (h) (5).

3. We also agree with the superior court that the plaintiffs are not entitled to a de novo appeal from the Cobb County Board of Commissioners' determination, even though § 9 of the River Act states that appeals "shall be brought in the manner provided for appeals from boards of zoning appeals set forth in Code Ch. 69-12," and even though under § 69-1211.1 appeals from boards of zoning appeals are the same as appeals to superior court from courts of ordinary (now probate courts) under Code Ch. 6-2, which are de novo investigations. *Knowles v. Knowles,* 125 Ga. App. 642 (1) (188 SE2d 800) (1972).

(a) It was held in *Bentley v. Chastain,* supra, that Code Ch. 69-12 was unconstitutional insofar as it authorized de novo jury reviews of decisions of a board of zoning appeals, in that this would burden the courts with non-judicial functions thereby violating the separation-of-powers doctrine. This same reasoning applies here. See Division 1, supra.

(b) In addition, in *Bell v. Cronic,* 248 Ga. 457 (1) (283 SE2d 476) (1981), it was held that § 34A-1501 (b) of the Municipal Election Code, in providing that an appeal from a determination of a county commission would be brought in the manner of appeals from boards of zoning appeals, related only to the procedural matters of the appeal and not to such things as whether there is a substantive right to a jury trial (or, as here, a de novo investigation) once the appeal has been perfected.

4. The trial court did not err in failing to dismiss the plaintiffs' complaint on grounds of res judicata, estoppel by judgment, or failure of the plaintiffs to file the appeal to superior court in a timely fashion.

The prior complaint filed by the plaintiffs was from the county's issuance of a certificate of development for an 810-unit condominium development, rather than for the 188-unit condominium development being challenged here. Therefore, the prior and present

complaints constituted different causes of action or claims, and the question concerning the lawfulness of the 188-unit development was not actually decided through adjudication of the former complaint. For these reasons, neither the doctrine of res judicata nor estoppel by judgment bars this complaint. See 18 EGL, Judgments and Decrees, § 283 et seq. (1981 Rev.).

The present complaint was filed within 30 days of issuance of the certificate of development for the 188-unit condominium. Therefore, it constitutes a timely appeal under § 9 of the River Act. See Code Ann. § 69-1211.1, supra.

*Judgment in case no. 38974 reversed; judgment in case no. 38975 affirmed. All the Justices concur, except Bell, J., not participating.*

DECIDED NOVEMBER 2, 1982 —
REHEARING DENIED NOVEMBER 16, 1982.

*Hurt, Richardson, Garner, Todd & Cadenhead, A. Paul Cadenhead, Stephen E. O'Day,* for appellants (case no. 38974).

*Alston, Miller & Gaines, G. Conley Ingram, Peter M. Degnan, Irma B. Glover, William R. Bassett, Elizabeth S. Webb,* for appellees (case no. 38974).

*G. Conley Ingram, Peter M. Degnan,* for appellants (case no. 38975).

*Asa W. Candler, A. Paul Cadenhead, Stephen E. O'Day, Irma B. Glover, William R. Bassett, Schreeder, Wheeler & Flint, Warren O. Wheeler,* for appellees (case no. 38975).