## A92A0171. PARSONS v. CHATHAM COUNTY BOARD OF COMMISSIONERS.
(418 SE2d 459)

BIRDSONG, Presiding Judge.

Appellant, William J. Parsons, appeals from the final order of the superior court making the action of appellee board of Commissioners of Chatham County (board), which had voted to discharge appellant from his duties as Chief Tax Assessor for Chatham County, the judgment of the court. *Held*:

1. We will entertain this appeal on its merits, as there currently exists some authority for direct rather than discretionary appeal of a final order of the superior court making the decision of a board of county commissioners the judgment of the court. Compare *Geron v. Calibre Cos.*, 250 Ga. 213, 216 (1) (296 SE2d 602) with OCGA § 5-6-35 (a) (1).

2. Appellant asserts the superior court erred "in selecting the three criteria upon which the commissioners could consider discharge in that there was not one scintilla of evidence to indicate that the Chief Tax Assessor was involved in any way in ascertaining the value of the subject property." Subject property consists of the three separate pieces of property which appellant was charged with having afforded preferential treatment during re-evaluation for tax purposes. "Without setting forth in detail all of the evidence adduced at the hearing, we have nevertheless reviewed such [direct and circumstantial] evidence, and conclude that it supports [both the findings of the board and of the ruling of the court]." *Kirton v. Biggers*, 135 Ga. App. 416, 418 (3) (218 SE2d 113). "The board of commissioners, as the appointing authority of the board of tax assessors, necessarily has a certain discretion as to the level of performance which it is willing to tolerate. As long as no abuse of such discretion is shown, this court should not substitute its findings of fact or construction of the evidence for that of the governmental body having appointing and removal power." Id. at 419.

3. Appellant asserts the superior court erred in ruling that the board was empowered to discharge him from his position as Chief Tax Assessor under the provisions of OCGA § 48-5-295 (b). OCGA § 48-5-295 (b) pertinently provides: "A member of the county board of tax assessors may be removed by the county governing authority only for cause shown for the failure to perform the duties or meet the qualifications imposed upon him by law."

(a) Appellant's lack of qualifications is not at issue. Appellant argues the superior court eliminated from consideration for removal any charge except that of favoritism in the evaluation of three pieces of property belonging to a certain taxpayer, and that the only applicable statutory basis for removal is "failure to perform the duties . . . im-

posed upon him by law." Appellant then concludes "there is not a single bit of evidence which tends to prove that there was a single duty which was not performed by the Chief Tax Assessor. . . ." Appellant's latter conclusion is not supported by the record. There exists sufficient evidence to support the three findings of the board on which discharge of appellant is based. See Division 1 above. At the outset we note that the "duty imposed by law" requirement of OCGA § 48-5-295 (b) refers to any legal duty imposed upon the office holder whether mandatory or directory in nature. *Kirton v. Biggers*, supra at 418 (2). The affording of preferential treatment to the said three pieces of property, as averred and found, during tax re-evaluation, clearly is a violation of the duties imposed by law upon appellant as a tax assessor. Ga. Const. of 1983, Art. VII, Sec. I, Par. III (a) pertinently provides that "all taxation shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax." Uniformity cannot be obtained when preferential treatment by favoritism in evaluation of an individual taxpayer's property occurs. Additionally, OCGA § 48-5-306 (a) pertinently provides that the county board of tax assessors "shall see that all taxable property within the county is assessed and returned at its fair market value and that fair market values as between the individual taxpayers are *fairly and justly equalized so that each taxpayer shall pay as nearly as possible only his proportionate share of taxes.*" (Emphasis supplied.) And this has been the law of Georgia for more than 50 years. *Gullatt v. Slaton*, 189 Ga. 758, 761 (1) (8 SE2d 47). Additionally, an inherent duty of tax assessors, as is true of all public officers, is to perform their duties in good faith. In fact, it is presumed that public officials perform their official duties lawfully and in good faith. See *Butts v. State*, 193 Ga. App. 824, 826 (2) (389 SE2d 395) and cases cited therein. See generally OCGA §§ 48-5-293 and 48-5-299 (a) as to a tax assessor's statutory obligations to perform his duties faithfully and impartially and to require proper return of property for taxation. The giving of preferential treatment to one taxpayer's property, as charged and established in this case, clearly violates the long-established laws requiring tax assessors to perform their duties in good faith, and to ensure that the fair market value between individual taxpayers is fairly and justly equalized. See *Gullatt*, supra; *Allen v. Norris*, 148 Ga. App. 261 (2) and (3) (251 SE2d 145). Incidentally, "[e]veryone is presumed to know the law, and the law never favors those who misinterpret it." *Cheeley v. Henderson*, 261 Ga. 498, 503 (405 SE2d 865).

(b) Also within this same enumeration of error, appellant has cited cases which in essence raise the issue of adequacy of notice. An adequate notice is required by necessary implication in removal actions under the provisions of OCGA § 48-5-295. *Kirton v. Biggers*, 232

Ga. 223, 226 (1) (206 SE2d 33). This issue, however, is not before us on appellate review for the following various reasons. First, the issue is beyond the reasonable scope of the enumeration of error as crafted. "An enumeration of error cannot be enlarged at the appellate level by statements in the briefs of counsel to include issues not made in the enumeration. One cannot expand the scope of review or supply additional issues through a process of switching, shifting, and mending your hold." (Citations and punctuation omitted.) *West v. Nodvin*, 196 Ga. App. 825, 830 (4b) (397 SE2d 567). Secondly, OCGA § 5-6-40 requires that each enumeration of error be set out separately. When more than one error is alleged per enumeration, this court, in the exercise of its sound discretion, may elect to review any one or more of the several assertions of error contained within a single enumeration, and treat the remaining assertions of error therein as abandoned. *West v. Nodvin*, supra at 830 (4c); *Robinson v. State*, 200 Ga. App. 515, 518 (2) (408 SE2d 820). Accordingly, we elect not to review the issue of adequacy of notice.

However, in the interest of judicial economy, we conclude that whether the notice specifies the Code section or case citation giving rise to the particular duty imposed by law which is deemed to have been violated by the assessor's averred conduct is but one factor in determining if the notice is adequate. Notice must be unequivocal, and the reason given for the removal action " ' "must be sufficiently clear to apprise the employee of the nature and circumstances prompting his discharge. [However, i]t is enough if the statement or charges are such that the employee would have sufficient knowledge *or reason to know* the basis on which his removal is sought." [Cit.] In other words, the charges must be "in terms sufficiently explicit as to enable (the employee) to make an explanation. . . ." ' " (Emphasis supplied.) *Kirton v. Biggers*, supra 135 Ga. App. at 417. "Mere vagaries or generalities are insufficient, and the notice must be 'sufficiently specific and detailed to convey to the employee the *substantial nature* of the charge without requiring speculation on his part as to the precise complaint he must answer.' " (Emphasis supplied.) *Hughes v. Russell*, 148 Ga. App. 143, 144 (251 SE2d 70). The removal petition of the board to the superior court pertinently requested a hearing pursuant to OCGA § 48-5-295 (b). The petition stated that petitioner had determined there exists probable cause that appellant had not discharged his duties in an impartial manner and had otherwise failed to perform obligations required by law, and in paragraph 6 thereof specifically and in detail listed the conduct being relied on regarding the partiality shown in the valuation of taxpayers' properties in support of the charge of failure to discharge duties impartially. The petition did not expressly list, however, the long-standing law imposing a duty on assessors to cause the fair market value of property between indi-

vidual taxpayers to be fairly and justly equalized. Appellant filed a formal answer in detail and denied, inter alia, the allegations contained in paragraph 6 of the petition. Subsequently, a formal notice of hearing was served upon appellant prior to the board's hearing. This notice includes the substance of all the information provided in paragraph 6 of the petition, but also fails to list the sources of law giving rise to the duty to cause the fair market value of properties of individual taxpayers to be fairly and justly equalized. We find that the notice when examined in its totality establishes appellant received an adequate *notice* within the meaning of *Kirton v. Biggers,* supra 135 Ga. App. at 417. Like examination of the petition and answer thereto confirms this finding.

4. Appellant asserts the superior court erred in allowing irrelevant evidence which is patently prejudicial. The contested evidence includes, inter alia, testimony regarding appellant's intoxication and conduct while attending certain county-financed activities, his conduct regarding certain female personnel who were employed in his office, and his attempted display of a jar of dog testicles to a female employee. This testimony was relevant at the hearing conducted by the board to matters reasonably included within the scope of the notice. Georgia law favors the admission of any relevant evidence no matter how slight its probative value; and admission of evidence rests in the sound discretion of the trial court. *Whisnant v. State,* 178 Ga. App. 742 (1) (344 SE2d 536). Even evidence of doubtful relevancy or competency should normally be admitted and its weight left to the factfinder. See *Gene Thompson Lbr. Co. v. Davis Parmer Lbr. Co.,* 189 Ga. App. 573, 575 (2) (377 SE2d 15). The trial court did not abuse its discretion in allowing the board to hear this testimony. The contested evidence had some relevancy to establish whether appellant had violated a duty imposed on him by law, and accordingly was admissible. For example, tax assessors, as county officials, are subject to the Code of Ethics for Government Service, OCGA § 45-10-1, which establishes certain ethical duties albeit broad and directory in nature. See *Pope v. Propst,* 179 Ga. App. 211, 213 (345 SE2d 880). Likewise, members of the county board of tax assessors are subject to the more specific ethical duties established by OCGA § 45-10-3, which pertains to "each member of all boards, commissions, and authorities created by general statute. . . ." The county board of tax assessors is established by general statute. OCGA § 48-5-290 et seq. One of the duties expressly prescribed by OCGA § 45-10-3 (8) is that each member of the board *shall* "[n]ever engage in other conduct which is *unbecoming* to a member *or* which constitutes a breach of public trust." (Emphasis supplied.)

Further, assuming arguendo error occurred in allowing the board to consider this testimony at its hearing, such error was rendered

harmless when the trial court reviewed the board's findings and conclusions and directed the board that they could only discharge appellant for certain specific grounds unrelated to the evidence here contested. This portion of the court's order had the same effect as a curative instruction not to consider the evidence of appellant's excessive drinking and harassment of female employees in determining the ultimate issue of removal. Moreover, the resolution of the board clearly reflects the board's recognition of the trial court's holding that discharge of appellant could be based only upon paragraphs 1, 2, and 3 of the board's findings and conclusions. These particular findings related to preferential treatment only and not to appellant's drinking and harassing conduct. Accordingly, we are satisfied beyond a reasonable doubt that the admission of the contested evidence did not contribute to the board's decision to dismiss appellant, or otherwise violate appellant's due process right to a fair hearing. Cf. *Moore v. State*, 254 Ga. 674, 677 (333 SE2d 605) (harmless error test for error of constitutional magnitude).

5. Appellant asserts the superior court erred in not providing a forum under the auspices of the court, but ordered the parties to conduct the hearing before a tribunal of commissioners who had previously voted to discharge the chief tax assessor without a hearing. The hearing procedure utilized in this case met the requirements of law. Compare *Kirton v. Biggers*, supra 135 Ga. App. at 416 (1) and *Smith v. Turner*, 764 FSupp. 632, 640 (9) (N.D. Ga.). Moreover, the superior court expressly provided in its order of February 15, 1991, that the board "shall state specifically the grounds for removal, but shall not act upon the same until [appellant] *has had an opportunity to have a hearing before this court as required by OCGA § 48-5-295 (b)* should he request one. . . . Should [appellant] seek a hearing before this court on the findings and recommendations of the Commission, then this court will arrange the same. The evidence will be confined to the record . . . *unless, for good cause shown, additional evidence should be heard by the court*." (Emphasis supplied.) The record does not reflect that appellant thereafter requested a formal hearing within ten days after receiving the findings of the commissioners, as provided for in the superior court's order. We find the procedure directed by the superior court to be in substantial compliance with the provisions of OCGA § 48-5-295 (b) that "[n]o member of the board who is also employed by the county as a staff appraiser . . . may be removed . . . until the member has been afforded an opportunity for a hearing before the judge of the superior court . . . regarding such removal." See OCGA § 1-3-1(c).

6. Appellant asserts the superior court erred in directing the board to base its final determination upon circumstantial evidence which tended to prove either side of the case when there was no di-

rect evidence to substantiate the decision reached by the commissioners and when there was direct evidence refuting the circumstantial evidence. There exists in the record, as to each of the three findings which the superior court determined would justify the board's decision to discharge appellant, both direct and circumstantial evidence within the meaning of OCGA § 24-1-1 (3) and (4). Appellant's enumeration of error as crafted is without merit; appellee did not rely solely on circumstantial evidence. Although conflicting evidence was introduced as to appellant's breach of duty by giving preferential treatment to taxpayers' properties, in the absence of an abuse of discretion by the board in its decision-making process, this court should not substitute its findings of fact or construction of the evidence for that of the very governmental body having appointment and removal powers of the chief tax assessor (who incidentally also served as and assumed the duties of chief tax appraiser and receiver). *Kirton v. Biggers*, supra, 135 Ga. App. at 419.

Appellant's other assertions are without merit.

*Judgment affirmed. Beasley and Andrews, JJ., concur.*

DECIDED MAY 1, 1992.

*Karsman, Brooks & Callaway, Charles C. Brooks*, for appellant.
*Emily E. Garrard, George H. Chamlee*, for appellee.

