S96A0442. SWAFFORD v. DADE COUNTY BOARD OF COMMISSIONERS.
(469 SE2d 666)

BENHAM, Chief Justice.

One year after Swafford's appointment as a member and chairman of the Dade County Board of Tax Assessors, the Dade County Board of Commissioners suspended him pending removal from office, then removed him for cause pursuant to OCGA § 48-5-295. A first removal resolution was withdrawn by consent because of defective notice, but after a second hearing, Swafford was removed. He contested the removal before the Board and appealed its decision to superior court, where it was affirmed. In granting his discretionary application for review of the superior court's order, this Court posed two questions: 1) Was the compliance with the discretionary appeal procedures necessary? See *Parsons v. Chatham County Bd. of Commrs.*, 204 Ga. App. 130 (1) (418 SE2d 459) (1992); 2) Did the superior court

err in affirming the decision of the Board of Commissioners?

1. Since it is incumbent on this Court to examine its own jurisdiction (*Collins v. AT & T*, 265 Ga. 37 (456 SE2d 50) (1995)), we address first the question of the route by which such appeals as this must come to this Court. In *Parsons*, supra, the Court of Appeals relied on this Court's decision in *Geron v. Calibre Cos.*, 250 Ga. 213 (1) (296 SE2d 602) (1982), for the proposition that judgments of trial courts reviewing decisions of a county board of commissioners may be appealed directly rather than by discretionary appeal. In *Geron*, this Court relied on *Kirton v. Biggers*, 135 Ga. App. 416 (3) (218 SE2d 113) (1975), for the proposition that a county board of commissioners is not an administrative agency. However, the final holding in that case was that "the scope and criteria of judicial review of such body's decisions is closely analogous to that of an 'agency.'" Id. at 419. While it is true that county boards of commissioners also function as legislative bodies, the function involved here, determining whether to remove from office a person appointed to that office by the board of commissioners, is the equivalent of the function of an administrative agency. That being so, we hold that appeals in cases such as this one require compliance with discretionary appeal procedures. OCGA § 5-6-35 (a) (1). To the extent they hold otherwise, *Geron* and *Parsons* are overruled.

2. Acknowledging that this Court has upheld OCGA § 48-5-295 against a due process challenge (*Kirton v. Biggers*, 232 Ga. 223 (1) (206 SE2d 33) (1974)), Swafford argues that the earlier case did not involve the issue he raises, which is whether he was denied due process because the body which brought his fitness for office into question was also the body which would decide that question. That, and his associated arguments that due process required that he be given a jury trial, and that the members of the Board of Commissioners were required to disqualify themselves because they had supposedly prejudged him, were sufficiently answered in *Hill v. Johnson*, 214 Ga. 417, 420 (105 SE2d 309) (1958):

> Whether or not the members of the board of aldermen have prejudged the petitioner's case, the legislature has designated such members as the proper forum for hearing the impeachment proceedings, and he is not denied due process of law by reason of the fact that the impeachment proceedings will be conducted by them.

3. Without citation of authority, Swafford asserts that the superior court's review on the record rather than de novo denies him due process. We disagree. "The fundamental idea of due process is notice and an opportunity to be heard. [Cit.] Due process neither guarantees

a right to appeal nor a particular form or method of state procedure. [Cit.]" *Nix v. Long Mt. Resources,* 262 Ga. 506 (3) (422 SE2d 195) (1992). The provision for the superior court to review the decision of the board of commissioners on the record is consistent with the nature of that body and its powers:

> The board of commissioners, as the appointing authority of the board of tax assessors, necessarily has a certain discretion as to the level of performance which it is willing to tolerate. As long as no abuse of such discretion is shown, this court should not substitute its findings of fact or construction of the evidence for that of the governmental body having appointing and removal powers.

*Kirton v. Biggers,* 135 Ga. App. 416 (3), supra. We hold, therefore, that the provision for review in the superior court on the record made before the Board of Commissioners is adequate to ensure due process.

4. Swafford's complaints about the partiality of the members of the Board of Commissioners and the county attorney, who acted as prosecutor, were waived by his failure to present them to the Board. " 'Generally, questions or objections which were not raised or urged in the original proceedings for review of a decision or order of a zoning official or board will not be considered on further review.' [Cit.]" *Hyman v. Pruitt,* 226 Ga. 625 (1) (176 SE2d 707) (1970).

5. Swafford contends here as he did in superior court that the notice he received was inadequate to inform him of the nature of the charges he faced. "Mere vagaries or generalities are insufficient, and the notice must be 'sufficiently specific and detailed to convey to the employee the substantial nature of the charge without requiring speculation on his part as to the precise complaint he must answer.' " *Hughes v. Russell,* 148 Ga. App. 143, 144 (251 SE2d 70) (1978). Applying that standard to the record of this case, we conclude that the notice was sufficient: as to each ground for removal, the notice provided to Swafford sufficient detail to identify the incident and persons involved and the wrongdoing alleged, including in several instances the statements of the persons involved.

6. Finally, Swafford asserts that the evidence presented to the Board of Commissioners was insufficient to warrant his removal. In considering this issue, we have reviewed the evidence presented to the board because "on appeal our duty is not to review whether the record supports the superior court's decision but whether the record supports the initial decision of the local governing body or administrative agency . . . . [Cits.]" *Emory Univ. v. Levitas,* 260 Ga. 894, 898 (401 SE2d 691) (1991). The record in this case is replete with evidence of Swafford's misconduct in office. Specifically, the record contains evi-

dence to support the following conclusions: that Swafford attempted to conduct certain Board of Tax Assessors business by a telephone poll rather than an openly conducted meeting; that he harassed a female tax assessor because he believes women should not be tax assessors and he wanted a man in her job; that he harassed taxpayers in an open meeting out of personal spite concerning an assessment of his property by a former employee; and that he behaved in a harassing manner to an employee during Board meetings and threatened to have her arrested for misconduct which was attributable to him, not her. We conclude that the evidence supported the Board's removal of Swafford.

*Judgment affirmed. All the Justices concur, except Carley, J., who concurs specially.*

CARLEY, Justice, concurring specially.

I fully concur in the judgment and in Divisions 2 through 6 of the majority opinion, dealing with the merits of the issues raised on appeal. I cannot, however, concur in Division 1 of the majority opinion holding that this case is subject to the discretionary appeal procedures of OCGA § 5-6-35 (a) (1). I find no justification for overruling *Geron v. Calibre Cos.*, 250 Ga. 213, 216 (1) (296 SE2d 602) (1982) and *Parsons v. Chatham County Bd. of Commrs.*, 204 Ga. App. 130 (1) (418 SE2d 459) (1992). Based on the logic and precedent of those decisions, it is clear that the judgment entered in this case is directly appealable.

OCGA § 5-6-35 (a) (1) requires applications for "[a]ppeals from decisions of the superior courts reviewing decisions of . . . local administrative agencies. . . ." The exclusive focus of this subsection is upon the nature of the entity which made the decision, and not upon the nature of the decision that was made. Nothing in OCGA § 5-6-35 (a) (1) requires an application to appeal because of the administrative nature of the decision or because, in rendering it, the entity functioned like an agency. According to the unambiguous terms of the statute, unless the decision was made by a local administrative agency, an application for appeal need not be filed. It is surely for this reason that, in *Geron v. Calibre Cos.*, supra, this Court did not cite *Kirton v. Biggers*, 135 Ga. App. 416, 419 (218 SE2d 113) (1975) for the proposition that a county commission's decision is closely analogous to that of an administrative agency, but for the decidedly different proposition that a county commission is not an administrative agency. Only the latter proposition is relevant to the question of whether OCGA § 5-6-35 (a) (1) requires an application to appeal from a decision of the superior court reviewing a decision of a county commission. Accordingly, in my opinion, this Court correctly held that a superior court's order on review of a county commission's decision is

directly appealable *even if* it can be said that the county commission's decision is administrative in nature. *Geron v. Calibre Cos.*, supra at 216 (1). See also *Parsons v. Chatham County Bd. of Commrs.*, supra at 130 (1) (also involving OCGA § 48-5-295 (b)).

*Trend Dev. Corp. v. Douglas County*, 259 Ga. 425 (1) (383 SE2d 123) (1989) is plainly distinguishable. In *Trend*, this Court did not overrule *Geron* but merely held that applications for discretionary appeal are necessary in zoning cases. Zoning cases have a unique character, often originating in a county administrative agency and even bypassing the county commission altogether on their way to judicial review by mandamus or otherwise. See *Southern States Landfill v. City of Atlanta Bd. of Zoning Adjustment*, 261 Ga. 759 (410 SE2d 721) (1991); *Shockley v. Fayette County*, 260 Ga. 489 (396 SE2d 883) (1990).

Therefore, I believe that *Geron* and *Parsons* are controlling and should not be overruled, and that Swafford was not required to file an application for discretionary appeal. I concur specially because Swafford did file a superfluous application which this Court granted and the majority has correctly affirmed the judgment of the superior court on the merits.

DECIDED MAY 6, 1996.

*Farrar & Farrar, Archibald A. Farrar, Jr., Christopher L. Corbin,* for appellant.

*Franklin & Franklin, Herbert E. Franklin, Jr.,* for appellee.