S97A1075. GEE v. PROFESSIONAL PRACTICES COMMISSION
et al.
(491 SE2d 375)

SEARS, Justice.

Appellant Robert Gee, a former high school teacher employed by a county school system, challenges the constitutionality of (1) the statutory scheme prescribed for investigating alleged teacher misconduct and recommending appropriate remedial sanctions for such misconduct; and (2) the State's actions affecting Gee's teaching certificate. We find that both the State's statutory scheme and its actions against Gee's license to teach under that scheme satisfy the requirements of procedural due process, and we affirm.

Carroll County school administrators conducted an investigation into allegations made by several students that Gee, a teacher in the Carroll County school system, had made sexual advances toward them. At the conclusion of the investigation, the county school superintendent reported the matter to the Georgia Professional Practices Commission ("Practices Commission").[1] After investigating the allegations against Gee, a Practices Commission investigator prepared an investigation report, in which it was recommended that the school board immediately place Gee on administrative leave, and institute dismissal proceedings against him.

The matter was taken up approximately one month later at a

---

[1] The Practices Commission is the state agency authorized to regulate the teaching profession and to investigate and make recommendations regarding disciplinary actions against certified teaching personnel charged with violating ethical or professional standards of conduct. See OCGA § 20-2-790 et seq.

public school board meeting, at which statements were made by the Practices Commission investigator, the school superintendent and Gee's supervising principal. The latter two individuals both recommended that Gee be removed from his teaching position. At the meeting, the Practices Commission investigation report was discussed and submitted to the school board over the objection of Gee's counsel. At the meeting's conclusion, the school board terminated Gee's employment. Thereafter, the Professional Standards Commission ("Standards Commission") requested that the Practices Commission conduct a second investigation into the charges against Gee, and make a recommendation to the Standards Commission concerning the revocation of Gee's teaching certificate.[2] Gee then filed suit seeking injunctive relief preventing the Practices Commission from taking any action against his teaching certificate without first conducting a hearing. He also sought a declaratory judgment that the Practices Commission had violated his procedural due process rights by not conducting such a hearing before Gee filed his complaint, and a declaratory judgment that OCGA §§ 20-2-796 and 20-2-797,[3] which authorized the Practices Commission's investigative actions, are unconstitutional.

The superior court granted the Practices Commission's motion for summary judgment on Gee's claims, and Gee appeals from that decision. Subsequently, in January 1997, an administrative hearing was held on the matter, at which the Practices Commission reported its findings to the Standards Commission, and a recommendation was issued that Gee's teaching certificate be suspended.

1. Gee contends that OCGA §§ 20-2-796 and 20-2-797 are unconstitutional because they deny educators their fundamental rights of due process before the impairment of their teaching certificates. Section 20-2-796 authorizes the Practices Commission, upon request by the local school board, the Standards Commission, or a citizen, to investigate allegations that a teacher has violated ethical or professional standards. At the conclusion of such an investigation, § 20-2-797 authorizes the Practices Commission to make certain recommendations to the local school board, the state school board, or the Standards Commission. These include recommending that an educator be warned or reprimanded, that their teaching contract be suspended or terminated, or that their teaching certificate be suspended or

---

[2] The Standards Commission is the state agency charged with authority to revoke, suspend, or deny a teaching certificate. See OCGA § 20-2-790 et seq.

[3] OCGA § 20-2-796 authorizes the Practices Commission to investigate allegations that an educator has violated the professional code of ethics. OCGA § 20-2-797 authorizes the Practices Commission to make recommendations as to appropriate discipline for such infractions.

revoked.[4] However, in contested matters, before the Practices Commission may make such a recommendation, and before it can provide its findings of fact and conclusions of law to a school board or the Standards Commission, a hearing must first be conducted pursuant to OCGA § 50-13-41.[5]

This Code scheme more than satisfies the requirements of procedural due process. It is established that once the State issues a professional license, such as the teaching license at issue in this case, its continued possession "may become essential in the pursuit of a livelihood. Suspension of issued licenses thus involves state action that adjudicates important [property] interests of the licensees. In such cases, the licenses are not to be taken away without that procedural due process required by the Fourteenth Amendment."[6] In cases such as this, due process requires that some form of a hearing must be held before one is finally deprived of their property interest in a professional license.[7] The Code system described above requires a hearing to be conducted in contested cases even before a formal recommendation is made concerning the revocation or suspension of a teaching license, thus according holders of teaching licenses in this State an even greater degree of protection than that required by our federal constitution. Accordingly, we reject Gee's contention that the statutes operated so as to deny his fundamental rights of due process.

2. Furthermore, it is clear that the Practices Commission complied with the statutes' requirements in this case by providing Gee with a hearing before making formal recommendations concerning his ability to teach in this state. Regarding the initial investigation against Gee, the Practices Commission's official report, containing its findings and recommendations, was submitted to the Carroll County School Board in conjunction with a public hearing held before the school board.[8] Concerning the Practices Commission's second investigation, conducted at the request of the Standards Commission, its reports and recommendations were submitted in conjunction with a public hearing held before an Administrative Law Judge and a tribunal composed of three independent educators who then made their

---

[4] OCGA § 20-2-797 (a).

[5] Id.

[6] *Bell v. Burson*, 402 U. S. 535, 539 (91 SC 1586, 29 LE2d 90) (1971); see *Board of Ed. v. Drury*, 263 Ga. 429, 430 (437 SE2d 290) (1993).

[7] *Mathews v. Eldridge*, 424 U. S. 319, 332 (96 SC 893, 47 LE2d 18) (1976).

[8] See OCGA § 20-2-797 (a) (requiring a hearing in contested cases held pursuant to § 50-13-41 before the submission of a Practices Commission investigative report to a school board or the Practices Commission); OCGA § 50-13-41 (a) (requiring that such a hearing, when requested, should be held before the ultimate decision maker, here the school board, or by the Office of State Administrative Hearings).

recommendation to the Standards Commission concerning Gee's teaching license.[9] Accordingly, there is no merit to Gee's claim that the trial court erred by (1) denying his request that the Practices Commission be enjoined from taking any action against his teaching certificate without first conducting a hearing, and (2) denying his request for declaratory judgment that the Practices Commission had violated his procedural due process rights by not conducting such a hearing.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 14, 1997.

*Deedra M. Brewer,* for appellant.

*Thurbert E. Baker, Attorney General, Dennis R. Dunn, Senior Assistant Attorney General, Christopher A. McGraw, Rebecca S. Mick, Assistant Attorneys General,* for appellees.

---

[9] See OCGA §§ 20-2-797 (a); 50-13-41 (a).