## A02A1565. PROFESSIONAL STANDARDS COMMISSION v. SMITH.
(571 SE2d 443)

ANDREWS, Presiding Judge.

An administrative law judge (ALJ) suspended Charles Smith's teaching certificate for six months, finding that he had improperly coached his students on the Iowa Test of Basic Skills (ITBS). This decision was affirmed by the Professional Standards Commission (Commission) and Smith petitioned for judicial review to the superior court. The superior court reversed the ALJ's decision, finding that he had erroneously considered hearsay testimony and had admitted improperly authenticated documents. The court further held that without this testimony and these documents, there was insufficient evidence to support the decision. We granted the Commission's application for discretionary review of the superior court's order, and, because there was sufficient evidence to support the ALJ's decision, we reverse.

Under the Administrative Procedure Act, review of an ALJ's decision by a superior court is done without a jury and is confined to the evidence and testimony received by the ALJ. OCGA § 50-13-19 (g). "The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact." OCGA § 50-13-19 (h). The superior court's review of evidentiary issues is limited to determining whether factual findings are supported by "any evidence." *Hall v. Ault*, 240 Ga. 585, 586 (242 SE2d 101) (1978). "When reviewing a superior court's order in a case under the Administrative Procedure Act, this Court's function is to determine whether the superior court has[,] in its own final ruling[,] committed an error of law." (Punctuation omitted.) *Miles v. Smith*, 239 Ga. App. 641, 642 (1) (521 SE2d 687) (1999).

Viewed in light of the above standard of review, the record shows that this case arose as the result of a disciplinary action by the Commission pursuant to OCGA §§ 20-2-982 through 20-2-984.5, against Smith, a fifth grade teacher at East Lake Elementary School. The charges centered around allegations that Smith used questions from the ITBS to prepare his class for standardized testing. The ITBS is a national achievement test used to measure students' strengths and weaknesses in a number of academic areas. The same test is given for several years, and it is a secured document, kept under lock and key, which a teacher may have in the classroom only during the

hours of the day when the test is actually being administered.

At the hearing before the ALJ, Ms. Calvin-Thomas, a fifth grade teacher at East Lake, testified that when the vocabulary portion of the ITBS was given out, she heard a student exclaim, "Yes!" After that portion of the test was completed, one of the students told her that "the test was really easy because Mr. Smith gave us a copy of the test." Calvin-Thomas went back to her classroom and questioned the students, and they confirmed that Smith had given them the test previously. Three of her students gave her the lists of vocabulary words that Smith had given to them. Calvin-Thomas reported this to the instructional teacher and the principal.

The instructional liaison specialist, Jeffery Meyers, who was responsible for distributing the tests to the teachers, testified that it was against school policy for a teacher to have a copy of the test at any time other than during the test-taking period. He also testified that he was instructed to go into Smith's classroom and retrieve any ITBS materials that he found. Meyers said that he found folders with the children's names on them, containing exact copies of ITBS materials. Some of the copies had been written on and graded. The names on the folders were those of students in Smith's science class. Meyers also testified that the test had not changed for several years and that it was not proper to give students old tests or to teach from them.

Dr. West, the principal at East Lake Elementary, testified that an unmarked test sheet found in Smith's classroom was identical to the test being administered in 1998. He also stated that, based on his investigation into the allegations against Smith, he believed that Smith had coached his students prior to the ITBS test.

Smith testified at the hearing and admitted to giving one of the tests found in his classroom to his students. Smith claimed the test was an old one that he got from another teacher in 1995. Smith stated that he told his principal at the time that he had gotten a 1990 ITBS and no one ever told him he could not use the test.

As for the reading comprehension tests, Exhibits 7 and 7A, found in his classroom, he stated that he saw his homeroom students with copies of this test and also found them "laying on the floor" in his classroom. Smith said that the students received these tests from another teacher, Mrs. Smith. Smith admitted to teaching vocabulary words to his students, but said the words came from several different sources. When asked why he, a science teacher, was teaching vocabulary words, he replied, "All subjects are interrelated." Smith stated that the students were lying if they said he had given them vocabulary words and a reading comprehension test that were on the ITBS.

After hearing the evidence, the ALJ determined that Smith's teaching certificate should be suspended for six months, and this was affirmed by the Commission. Smith appealed to the superior court,

who reversed and remanded for a new hearing. The court found that Exhibits 2, 7, 7A, and 12 were improperly admitted and also that Calvin-Thomas's testimony was inadmissible hearsay. This appeal followed.

1. First, the Commission argues that the superior court erred in determining that certain evidence was inadmissible. We agree.

In a case where the factfinder is a judge, we assume the judge considers the evidence only for proper purposes and sorts out that which is admissible from that which is not. *Miles v. Smith*, supra at 642. Here, the ALJ specifically noted that he was admitting Exhibits 7 and 7A, not to show that Smith had in fact used portions of the ITBS to coach his students; but rather, for the limited purpose of showing these were found, as testified to by Dr. West, on top of the filing cabinet in Smith's classroom, and that they appeared to have been used by somebody at some time. Smith did not deny that these copies of tests were in his room, merely that he had been the one to give them to the students. Likewise, the ALJ ruled that he would admit Exhibit 12, a report of student interviews, because "it lays the foundation for Dr. West's subsequent conduct."

2. There was sufficient evidence to support the ALJ's decision without considering the evidence ruled inadmissible by the superior court.[1] For example, Meyers, the instructional specialist, identified portions of the ITBS he found in Smith's classroom. These documents were admitted without objection. Meyers testified that he found folders in Smith's classroom with students' names on them which contained exact copies of the ITBS materials, and that these materials were clearly used, because many were written on and graded. Smith admitted that these materials were in his classroom, but denied that he was responsible for giving them to the students. Further, Smith admitted that he had used other ITBS materials as diagnostic tests for his students. Although Smith claimed the materials he used were "old," it was undisputed that these were secured materials which a teacher could not have in his or her possession other than during the actual hours of test administration.

The above evidence was sufficient, under the "any evidence" standard, for the ALJ to find that Smith had improperly coached his students. As factfinder, he had the exclusive prerogative of weighing evidence and determining the credibility of witnesses. *Handcrafted Furniture v. Black*, 182 Ga. App. 115, 117 (354 SE2d 696) (1987). The superior court was bound by these findings and it was error not to affirm.

---

[1] The remaining evidence ruled inadmissible by the trial court was Exhibit 2, the list of vocabulary words given to Calvin-Thomas, and Calvin-Thomas's testimony that students told her Smith had previously given them portions of the test.

*Judgment reversed. Phipps and Mikell, JJ., concur.*

DECIDED SEPTEMBER 17, 2002 — 

*Thurbert E. Baker, Attorney General, Dennis R. Dunn, Deputy Attorney General, Alfred L. Evans, Jr., Assistant Attorney General,* for appellant.
*Friedman, Dever & Merlin, Hayes M. Dever, Patricia J. Duffy,* for appellee.