**FOURTH DIVISION**
**DOYLE, P. J.,**
**MILLER and DILLARD, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**July 1, 2014**

# In the Court of Appeals of Georgia

A14A0223. GEORGIA PROFESSIONAL STANDARDS COMM.
    v. JAMES.

MILLER, Judge.

This appeal arises from the decision of the State of Georgia Professional Standards Commission ("PSC") to revoke the teaching certificate of former school principal Joey Dewayne James. After an administrative law judge ("ALJ") affirmed the PSC's decision, James filed a petition for judicial review in the Superior Court of Dougherty County. The superior court reversed, finding that the PSC violated James's due process rights because the PSC based its decision to revoke James's teaching certificate on grounds other than and different from those contained in the hearing notice that the PSC served on James. This Court granted the PSC's application for discretionary review. On appeal, the PSC contends that, in reversing the ALJ's

decision, the superior court ignored the any evidence standard required by the Administrative Procedure Act, OCGA § 50-13-1 et seq. For the reasons that follow, we agree and reverse.

> Judicial review of an administrative decision requires the court to determine that the findings of fact are supported by any evidence and to examine the soundness of the conclusions of law that are based upon the findings of fact. When this Court reviews a superior court's order in an administrative proceeding, our duty is not to review whether the record supports the superior court's decision but whether the record supports the final decision of the administrative agency.

(Citations, punctuation and footnote omitted.) *Davane v. Thurmond*, 300 Ga. App. 474, 475 (685 SE2d 446) (2009).

So viewed, the record shows that James was the principal at Southside Middle School in Albany. In March 2011, a paraprofessional ("parapro"), who also worked at the school, reported that James told her he wanted to bend her over his desk, brushed his groin against her buttocks, rubbed his hand along her panty line and grabbed her breast. The parapro's report was investigated by the Georgia Association of Educators ("GAE") and the local police. After the GAE began its investigation, James pressured the parapro to "squash it."

2

James was suspended for ten days with pay until the police investigation was completed. Approximately one month later, James was suspended again for fifteen days without pay.

James was subsequently arrested and charged with two counts of misdemeanor sexual battery.[1] The PSC notified James of its intent to revoke his teaching certificate. James contested the proposed sanction and requested an administrative hearing. In response, the PSC scheduled a hearing and provided him with notice of the matters asserted, including detailed facts and circumstances relating to James's conduct with the parapro. The notice further informed James that the PSC found probable cause based on those facts and circumstances, that he violated the laws, rules and regulations of the PSC, including Rule 505-06-.01 (3)(j), which pertinently provides:

> [a]n educator shall demonstrate conduct that follows generally recognized professional standards and preserves the dignity and integrity of the teaching profession. Unethical conduct includes but is not limited to any conduct that impairs and/or diminishes the certificate holder's ability to function professionally in his or her employment position, or behavior or conduct that is detrimental to the health, welfare, discipline, or morals of students.

---

[1] James's June 2012 criminal trial ended in a mistrial.

3

Following the required administrative hearing, the ALJ issued an order affirming the PSC's decision to revoke James's teaching certificate. The PSC adopted the ALJ's conclusions of law and revoked James's teaching certificate. In the order, the ALJ specifically found that the PSC proved by a preponderance of the evidence that James violated PSC Rule 505-06-.01 (3) (j). Notably, the ALJ found that the PSC

> established that [James] engaged in unprofessional conduct that impaired his ability to function in his employment position. [James] engaged in sexual harassment and sexual battery of a subordinate employee. . . . a [parapro]. . . . Furthermore, [James] insisted on speaking with [the parapro] alone, despite admonitions from his assistant principal, he told [the parapro] to "squash" the allegations[.]

The ALJ also found that James received two suspensions related to his conduct that removed him from the school and impaired his ability to function in his employment. Finally, the ALJ found that Rule 505-06-.01 (5) (a) authorized the PSC to revoke James's teaching certificate based on the "egregious nature" of his unethical conduct.

Rule 505-6-.01 (5) (a) pertinently provides:

[t]he [PSC] is authorized to . . . revoke . . . certificates . . . after an investigation is held and notice and opportunity for a hearing are provided to the certificate holder. Any of the following grounds shall be

considered cause for disciplinary actions against the holder of a certificate: 1. unethical conduct . . . 6. violation of any other laws and rules applicable to the profession; and 7. any other good and sufficient cause that renders the educator unfit for employment as an educator.

James appealed to the superior court. The superior court reversed, finding that the hearing notice did not advise James that the PSC's decision to revoke his teaching certificate could be predicated on his administrative suspensions. The superior court further found that the ALJ's decision made those suspensions an integral part of the rational for concluding that James engaged in unethical conduct that justified the revocation of his teaching certificate.

The PSC contends on appeal that the superior court clearly erred in reversing the ALJ, because the ALJ found that James violated the PSC Rules by engaging in sexual harassment and sexual battery of the parapro and by pressuring her to withdraw her complaint. The PSC further contends that James had notice of those allegations. For the following reasons, we agree that James had sufficient notice of the matters presented at the administrative hearing.

Under the Administrative Procedure Act, review of an ALJ's decision by a superior court is done without a jury and is confined to the evidence and testimony received by the ALJ. The [superior] court shall not substitute its judgment for that of the agency as to the weight of the

evidence on questions of fact. The superior court's review of evidentiary issues is limited to determining whether factual findings are supported by any evidence.

(Citations and punctuation omitted.) *Professional Standards Comm. v. Smith*, 257 Ga. App. 418 (571 SE2d 4443) (2002). The superior court may, however, reverse or modify the ALJ's decision if James's substantial rights

> have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) In violation of constitutional or statutory provisions; (2) In excess of the statutory authority of the agency; (3) Made upon unlawful procedure; (4) Affected by other error of law; (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

(Citation omitted.) *MXenergy, Inc. v. Ga. Public Svcs. Comm.*, 310 Ga. App. 630, 633 (1) (714 SE2d 132) (2011); see also OCGA § 50-13-19 (h) (1).

Once the State issues a teaching certificate, it may not be revoked without procedural due process. See *Gee v. Professional Practices Comm.*, 268 Ga. 491, 493 (1) (491 SE2d 375) (1997). The procedural due process required to revoke a teaching

certificate is set forth in the Administrative Procedure Act ("APA"), OCGA § 50-13-1 et. seq. Those procedures were followed in this case.

Notably, in contested cases, such as the present case, the APA provides for a hearing after reasonable notice. See OCGA § 50-13-13 (a) (1). The notice must include "[a] short and plain statement of the matters asserted." OCGA § 50-13-13 (a) (2) (D); see also OCGA § 50-13-18 (c); *Ga. Public Svcs. Comm. v. Alltel Ga. Communications Corp.*, 244 Ga. App. 645, 648 (1) (536 SE2d 542) (2000). "Mere vagaries or generalities are insufficient, and the notice must be sufficiently specific and detailed to convey to the employee the substantial nature of the charge without requiring speculation on his part as to the precise complaint he must answer." (Citation and punctuation omitted). *Swafford v. Dade County Bd. of Commrs.*, 266 Ga. 646, 648 (5) (469 SE2d 666) (1996).

Here, in response to James's request, the PSC scheduled a hearing and provided James with notice pursuant to OCGA § 50-13-13 (a) (2), including a statement of the matters asserted ("SMA") pursuant to OCGA § 50-13-13 (a) (2) (D). The SMA specifically alleged that James made inappropriate physical contact with and comments to the parapro, and that James pressured her to "squash everything and act like nothing happened." The SMA set forth the incidents involving the

inappropriate contact and comments in specific detail, including James's actions in rubbing his crotch against the parapro's buttocks, fondling her breast and pressuring her to "squash everything;" The SMA further provided that based on the "facts and circumstances set forth above, the [PSC] found probable cause that [James] violated the laws, rules and regulations of the [PSC]," including Rule 505-06-.01 (3) (j). Contrary, to James's contention and the superior court's findings, the SMA provided sufficient detail to identify the alleged wrongdoing and the incidents and persons involved. See *Swofford*, supra, 266 Ga. at 648 (5).

Moreover, contrary to the superior court's finding, James's administrative suspensions were not an integral part of the ALJ's rationale for finding that James engaged in unethical conduct which justified the revocation of his teaching certificate. Notably, the ALJ's order specifically provided that James engaged in unprofessional conduct—sexual harassment and sexual battery of the parapro—in violation of PSC Rule 505-6-01 (3) (j). While ALJ also noted that James received two suspensions that impaired his ability to function in his employment, the ALJ ultimately concluded that revocation of James's teaching certificate was appropriate based on the "egregious nature of [James's] conduct." The evidence supported the

ALJ's finding. Accordingly, the superior court erred in reversing the PSC's final decision revoking James's teaching certificate.

*Judgment reversed. Doyle, P. J., and Dillard, J., concur.*