**FOURTH DIVISION**
**DOYLE, P. J.,**
**COOMER and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**February 10, 2020**

# In the Court of Appeals of Georgia

A19A1815. COLUMBIA BROOKHAVEN, LLC v. DeKalb CO-064
COUNTY BOARD OF TAX ASSESSORS.

COOMER, Judge.

Columbia Brookhaven, LLC ("Taxpayer") appeals the Superior Court of
DeKalb County's denial of its motion for summary judgment. Taxpayer contends that
the trial court erred in denying summary judgment because the DeKalb County Board
of Tax Assessors ("DCBTA") did not have the authority to reassess and increase the
value of the property at issue — for taxation purposes — based on a significant
increase in the sales price of similar properties.[1] For the following reasons, we
reverse.

---

[1] Taxpayer raises two other enumerations of error which we need not address.

"On appeal, we review the grant or denial of summary judgment de novo, construing the evidence and all inferences in a light most favorable to the nonmoving party." *Apex Bank v. Thompson*, 349 Ga. App. 285, 285 (826 SE2d 162) (2019) (citation omitted).

The pertinent facts are undisputed. Taxpayer owns a Class A apartment complex in DeKalb County ("the Property"). For the 2016 tax year, the DCBTA valued the Property at $56,826,000. Taxpayer appealed that valuation to the DeKalb County Board of Equalization ("the BOE"), where on November 15, 2016, it was reduced to $55,700,000.

In determining the valuation of the Property for the following tax year, in March 2017, the Property Appraisal Department physically inspected the Property. After the inspection, departmental staff recommended to the DCBTA that the previous year's value be increased due to changes "in rents, occupancy, cap rates and/or overall market conditions." DCBTA agreed, and on June 2, 2017, issued its assessment for tax year 2017 increasing the Property's valuation to $60,347,900.

Taxpayer appealed the value assessed for 2017 to a hearing officer, where it was reduced to $59,531,200. Following that reduction, which failed to return the Property to the value established in 2016, Taxpayer appealed to superior court. In its

motion for summary judgment, Taxpayer argued that for tax year 2017, under OCGA § 48-5-299 (c), DCBTA was not permitted to increase the value above what it was in 2016. In response, DCBTA maintained that the exception set forth in OCGA §48-5-299 (c) (4) allowed it to increase the Property's valuation in 2017 based on a change in market conditions. In denying the motion for summary judgment, the trial court found that "the County's sales analysis showed that a revaluation was necessary to place the Subject Property within the median sales ratio" and that "for Tax Year 2017, the fair market value of subject property is $59,531,200." The trial court also entered a case disposition form setting the value at $59,531,200. This appeal followed.[2]

1. Taxpayer argues that the trial court erred in denying summary judgment because evidence of a general rise in real estate values and/or a change in market conditions cannot constitute a "material factor" as contemplated in OCGA § 48-5-299 (c). We agree.

---

[2] Ordinarily, denials of summary judgment are not directly appealable. See *Serco Co. v. Choice Bumper, Inc.*, 199 Ga. App. 846, 846 (406 SE2d 276) (1991). Here, however, the trial court's denial of summary judgment along with its declaration of the fair market value of the Property disposed of all issues in the case. We therefore have jurisdiction over this direct appeal. See *Stallings v. Chance*, 239 Ga. 567, 567 (238 SE2d 327) (1977) ("No issue was left pending for decision. This had the effect of making appellant's denial of summary judgment a final judgment, and directly appealable[.]")

3

Under OCGA § 48-5-299 (c),

[w]hen the value of real property is reduced or is unchanged from the value on the initial annual notice of assessment or a corrected annual notice of assessment issued by the board of tax assessors and such valuation has been established as the result of an appeal decision rendered by the board of equalization, hearing officer, arbitrator, or superior court pursuant to Code Section 48-5-311 . . . the new valuation so established by appeal decision or agreement may not be increased by the board of tax assessors during the next two successive years, unless otherwise agreed in writing by both parties[.]

An exception to this rule is found at OCGA § 48-5-299 (c) (4), which provides that

[t]he board of tax assessors may increase or decrease the value of the real property if, after a visual on-site inspection of the property, it is found that there have been substantial additions, deletions, or improvements to such property or that there are errors in the board of tax assessors' records as to the description or characterization of the property, or the board of tax assessors finds an occurrence of other material factors that substantially affect the current fair market value of such property.

DCBTA argues that the phrase "other material factors" found in OCGA § 48-5-299 (c) (4) authorized it to increase the Property's value based on a change in market

conditions — higher sales prices of like properties in the same geographic area. However, this Court recently held that a change in market conditions does not satisfy the "other material factors" exception in the statute.

In *DeKalb County Bd. of Tax Assessors v. CWS SGARR Brookhaven, LLC*, Case No. A19A1541, ___ Ga. App. ___, ___ SE2d ___, 2019 WL 5588797 at *4 (1) (Oct. 30, 2019), we found that "the 'other material factors' contemplated by the statute must meet two requirements. First, they must be factors that an on-site inspection of the property would reveal. Second, they must be factors that are specific to the particular piece of property at issue." We also noted that

> neither changes in market conditions (including a marked rise in the sales of comparable properties in the same neighborhood) nor a general rise in the value of real estate in a particular neighborhood would be discernable from a visual, on-site inspection of the property. Nor would such factors be specific to a particular piece of property. Accordingly, we find that these factors do not constitute material factors affecting the fair market value of property within the meaning of OCGA § 48-5-299 (c) (4).

*CWS SGARR*, ___ Ga. App. at ___, ___ SE2d ___, 2019 WL 5588797 at *5. See also *Moreton Rolleston, Junior Living Trust v. Glynn County Bd. of Tax Assessors*, 240 Ga. App. 405, 407 (2) (523 SE2d 600) (1999) ("Such other factors [under a former

5

version of OCGA § 48-5-299 (c)] do *not* include the general rise in the value of real estate or even surrounding real estate manifested by comparable sales[.]").

Here, as in *CWS SGARR*, DCBTA relies upon OCGA § 48-5-299 (c) (4)'s "other material factors" exception in order to raise the value on a recently appealed property based upon sales of comparable properties. Under our holding in *CWS SGARR*, this exception is not applicable and does not justify the increased valuation. The trial court therefore erred in denying Taxpayer's motion for summary judgment.

2. Our holding in Division 1 renders Taxpayer's remaining enumerations of error moot.

*Judgment reversed. Doyle, P. J., and Markle, J., concur.*